Judgment reversed.

---

## PIKE *against* EVANS.

A variance be-
tween the de-
claration and
proof must be
objected to at
the trial, and
if not done
then, the party
cannot, after-
wards, avail
himself of it.
A new trial
will not be
granted for the
purpose of let-
ting in cumula-
tive evidence,
as to matter
which was
principally
controverted
on the former
trial.

THIS was an action of *assumpsit*. The count in the declaration on which the plaintiff claimed to recover, stated, that the defendant was a taylor in the village of *Utica*, and on the 28th of *October*, 1814, in consideration that the plaintiff, at his request, had delivered him a large quantity of broadcloth and kerseymere, to be made up into a coat, pantaloons, and vest, for a large reward, he, the defendant, undertook to make and deliver them safe to the plaintiff, at *Sacket's Harbour*, by the next *Tuesday* following, to wit, on the 1st of *November*, 1814 ; yet that the defendant, not regarding, &c. would not make and deliver them to the plaintiff at *Sacket's Harbour*, but, on the contrary, so carelessly and negligently behaved and conducted himself with respect to the said clothes, that by his carelessness, negligence, and improper conduct, they were wholly lost to the plaintiff. The cause was tried before Mr. J. *Platt*, at the *Chenango* circuit, in *July*, 1818.

The plaintiff was aid to a general in the militia, who had been called out for the defence of *Sacket's Harbour*, with whom he was proceeding to that place, and on his way thither, on the 28th of *October*, 1814, called on the defendant, and left with him some cloth to be made into a military suit, and paid him for the making, the defendant promising to send the clothes, by the next week's stage, to *Sacket's Harbour*, so that they should be received by the plaintiff on

*Tuesday.* The clothes were made up by the defendant, and sent on by the stage, but never reached the plaintiff. A witness on the part of the plaintiff testified, that he had asked the defendant if he had sent the clothes by the time he agreed ; to which he answered " *no*," but that he sent them the week following. The defendant proved, by one of his workmen, that the clothes in question were made in a great hurry at the defendant's shop ; that the witness assisted the defendant in making the coat, which was not usual, unless the defendant was particularly hurried ; that some of the other workmen made the other clothes ; that as soon as they were finished they were put into a package, on which was sewed a card, addressed to " Major *Pike, Sacket's Harbour,*" and were taken out of the shop by the defendant, and a young man named *Miner*, to deliver at the stage-office, and that this took place on *Saturday* evening. *Miner* testified, that he went with the defendant from the shop to the stage-house with the bundle of clothes, which he observed was done up, and directed on a card, but that he did not read the inscription, and that this was in the latter part of *October*, on *Saturday* evening. Another witness testified, that in the latter part of *October*, or beginning of *November*, the defendant left a bundle at the stage office directed to Major *Pike*, at *Sacket's Harbour*, and paid stage fare for it, but it did not appear to have been entered on the books of the office, and whether it was entered on the way-bill could not be ascertained, as the way-bills were regularly, at certain times, destroyed. The judge charged the jury, that if they believed that the defendant did not deliver the package at the stage office in *Utica*, in season, so that by the ordinary course of the stage it might arrive at *Sacket's Harbour* on *Tuesday* next after the contract, then they ought to find for the plaintiff ; because, if the defendant had broken his contract as to time, the risk was thereby varied without the consent of the plaintiff ; but if the jury believed that the package had been delivered by the time agreed on, then he recommended a verdict for the plaintiff, subject to the opinion of the court : whereupon, the jury found a verdict for the plaintiff for 75 dollars, absolutely, on the ground that the package had not been sent in time.

NEW-YORK,
May, 1818.

PIKE
v.
EVANS,

NEW-YORK,
May, 1818.

PIKE
v.
EVANS.

The defendant now moved to set aside the verdict, and for a new trial, on the ground that the verdict was against evidence, and that the contract proved varied from the one declared upon ; and on the ground of newly-discovered evidence, as to which affidavits were produced of testimony, the object of which was to substantiate the delivery of the clothes at the stage office in due time.

*Talcot*, for the defendant. He cited *Phillips' Law of Ev.* 160. *Penny* v. *Porter*, 2 *East*, 2. *Crawford* v. *Morrell*, 3 *Johns. Rep.* 253. *Smith* v. *Barker*, 3 *Day's Rep.* 312. *Voshurgh* v. *Thayer*, 12 *Johns. Rep.* 461. *Steinbach* v. *Col. Ins. Co.* 2 *Caines*, 129—133. *Norris* v. *Freeman*, 3 *Wils.* 38. *Broadhead* v. *Marshall*, 2 *Bl. Rep.* 955.

*Parker*, contra.

*Per Curiam.* The grounds on which an application for a new trial in this case is made are,

1. That the verdict was against the weight of evidence.

2. That the contract proved is materially different from the one declared upon.

3. On the ground of newly-discovered evidence.

With respect to the first point, the verdict is warranted not only by the weight of evidence, but a contrary verdict would have been against the positive and direct testimony of one witness. The contract between the parties was, that the clothes in question were to be made, and sent on to *Sacket's Harbour*, by the stage that would arrive there, according to the course of the stages, on *Tuesday*, the 1st of *November*, 1814; and the material question, as it would seem from the judge's charge, was, whether they were left at the stage-office in *Utica*, in season to be sent on according to contract. One witness swears positively, that the defendant, on being asked whether he sent them on by the time agreed, answered, "no ; but he sent them the week following." There are, to be sure, some circumstances stated by the defendant's witnesses, which render it somewhat questionable, whether this witness could be correct. Though it was on *Friday*, the 28th of *October*, when the

plaintiff first spoke to the defendant about making the clothes, yet the proof is pretty strong to show the clothes were left at the stage-office on *Saturday* evening, which must have been the next day, or *Saturday*, of the ensuing week. This, however, was a question fairly submitted to the jury, and we cannot think it fit and proper to set aside the verdict on this ground.

2. With respect to the alleged variance, admitting it to be well founded, the objection should have been made on the trial, and the defendant comes too late now to call that in question.

3. The newly-discovered evidence is material to make out the delivery of the clothes by the time agreed on, and the only objection to granting a new trial on this ground is, that it is merely cumulative testimony. This must have been known to the defendant to be a material question on the trial. The newly-discovered evidence does not relate to any new fact; and it has been repeatedly decided by this court, that a new trial ought not to be granted, merely for the discovery of cumulative facts and circumstances relating to the same matter, which was principally controverted on the former trial. (2 *Caines*, 129. 8 *Johns. Rep.* 86.) The motion for a new trial must, accordingly, be denied.

Motion denied.