JOHN BULLOCK vs. BEACH & CLOYS.

The naked declaration of a party, *that he intended to do a certain act,* has no tendency to prove that he actually executed his intentions ; and such a declaration cannot be given in evidence against the party unaccompanied with circumstances tending to show that the act in question has been actually committed.

A new trial will not be granted on the ground of new discovered evidence, if such evidence be merely cumulative, and tend to prove the same facts to which evidence was introduced on a former trial.

Neither will a new trial be granted unless the court be of opinion that injustice has been done by the verdict, and that the new evidence would have occasioned a different one.

Nor will a new trial be granted where the amount in controversy is trifling.

Action of *trespass* for taking and carrying away six sheep.— Plea, *general issue.*

On the trial at December term, 1829, WILLIAMS, J. presiding, it appeared in evidence that in October, 1828, the defendants stated *Bullock* had a large flock of sheep, and had stolen one half of them, and that they went, without any notice to him, to his pasture, and took six sheep from his flock, and claimed them as their own property.

There was a great deal of evidence introduced on both sides tending, on the one hand, to prove the plaintiff owned the sheep, and, on the other, that the defendants owned them.

The defendants claimed that two of the sheep which they took were purchased by them of one *Church* ; and their right to these seemed to depend on the question whether the sheep were the same they had purchased of *Church.*

K

Addison.
January,
1830.

Bullock
vs.
Beach et al.

The plaintiff undertook to show that all the sheep which the defendants had of *Church* were killed or disposed of another way, and stated he should prove the defendants had butchered one of them for their own use, and offered to prove, that one of the defendants had said, the fall previous to the taking, they intended to kill this sheep that season or that fall. Which evidence the court rejected. He then introduced evidence tending to prove, that one of the defendants confessed he had killed one of the sheep bought of *Church* for his own use. This fact was denied by the defendants, and was a material fact in the case.

The jury returned a verdict for the defendants. The plaintiff's counsel excepted to the decision of the court, and a bill of exceptions being allowed, stating the foregoing facts, the cause was removed to the Supreme Court.

After argument, the opinion of the Court was delivered by

PADDOCK, J.—The exceptions state that in October, 1828, *Beach & Cloys* took from *Bullock's* flock six sheep, two of which they claimed as having purchased them of one *Church*, a year or more before that time. The plaintiff offered to show the disposition of all the sheep which the defendants purchased of *Church ;* hence, none of the sheep in question could be of that purchase ; and they offered a witness who could testify, that in the fall of 1827, *one of the defendants said, they intended to kill this sheep this season, or in the fall.* And as the defendant objected to the admission of this testimony, it was excluded by the Court, and, the plaintiff thinks, improperly, because he says that it tended to prove the defendants did in fact kill one of the sheep which they had of *Church.*

It is not uncommon for a party to state a number of circumstances which he can prove, and which connect themselves so as to have a tendency to establish a material point in issue, when no one, taken alone, would be considered relevant to the case. And such is the character of the testimony here rejected, for it does not appear that there had been any previous testimony with which it could be connected, nor does it appear that the plaintiff informed the court that he had any other evidence to bring forward with which the rejected testimony would be connected. The court were left, then, to consider, whether the defendants' saying *they intended killing the sheep,* would have any tendency to establish the fact that they did kill it ; and they came to the conclusion, that it did not. The fact once being established, that the sheep

ADDISON,
January,
1830.

Bullock
vs.
Beach et al.

was killed the fall before, the rejected testimony would have been admissible to prove the *defendants* killed it. Showing the defendants' previous determination to kill the animal, would afford a strong presumption that they carried their design into execution, were the sheep missing from their flock. But it might have been true that they intended killing it, and so expressed themselves at the time the witness would have testified they did, and yet the same sheep have been one of the six taken from the plaintiff's flock.

We are aware that the case states "there was much evidence introduced on both side, tending to prove that the plaintiff owned the sheep, and, on the contrary, that they were the defendants'." But we are left to believe all this testimony went to the *identity* of the six sheep taken from the plaintiff's flock, and the ownership of them, and not to the disposition of those which they bought of *Church.*

It appears that after the testimony of the witness was rejected the plaintiff introduced another witness who said that the defendants, or one of them, confessed he had killed one of the sheep purchased of *Church.* After producing this evidence, if the plaintiff had renewed his request to show the previous determination to kill it, the court would unquestionably have admitted it; and it was the duty of the plaintiff so to have done, instead of reserving the question for the consideration of this Court. Taking this piece of evidence into consideration, it is to be regretted that the testimony of the witness was not admitted. But it appeals the case was very doubtful upon the evidence, and we are inclined to think that, had the testimony been admitted which was shut out, it would have varied the case but little, if any; and as we think the plaintiff had an opportunity to have brought it in after paving the way by the confessions of the defendants, but neglected to do so, the application to arrest the judgement must be denied, and the judgement of the county court affirmed. 1 *Stark.* 438.

In connection with these exceptions, was submitted a petition for a new trial, alleging that, since the trial in the county court, new and material evidence has been discovered, to wit, the testimony of *Gillet*, of whom the plaintiff says he purchased the sheep in question; also of *Fitts*, who heard *Cloys* say he had killed the fatted sheep.

There are two objections to granting a new trial upon this testimony, which is difficult to overcome; first, that the character of

ADDISON,
*January,*
1830.

Bullock,
*vs.*
Beach, et al.

the testimony, is entirely cumulative ; and the principle is well established that a new trial is not to be granted upon the discovery of testimony which is purely cumulative. *Smith* vs. *Brush,* 8 *Johns.* 84.—*Freake* vs. *Thompson,* 15 *Johns.* 210. It must be a case where the court have a strong and fixed belief that injustice has been done by the verdict, and a conviction that the new evidence would have turned the verdict the other way, to induce them to open the case for new and fresh litigation. But it will be recollected that in the bill of exceptions it is stated, that one witness testified to the same fact. If the jury believed that witness (of which we have no means of knowing) then *Fitts*' testimony would be useless ; for one witness, if believed, is generally sufficient to establish a fact. Secondly, *we cannot conceive* what mode of reasoning will bring one to the conclusion that *Gillet* is a *new discovered* witness,or that which he will testify to, *new discovered testimony.* The plaintiff does not pretend he was ignorant of whom he purchased the sheep, but excuses himself for not producing *Gillet* on the trial, his being the opposite side of the lake. As the plaintiff was not surprised by the absence of *Gillet,* he might have procured him to examine the sheep, and give his deposition, at any time anterior to the court. If that could not have been done, it was his duty to have moved for a continuance to bring the witness in. *Martin* vs. *Martin,* 15 *Johns.* 293.— *Drayton* vs. *Thompson,* 1 *Bray.* 263.—*De Lima* vs. *Glassell,* 4 *Hen. & Munf.* 369. But to take a trial on a part of the testimony, and in the event of losing, for the court to grant a new trial to let in the residue, would be a solecism in the annals of jurisprudence. *Marriot* vs. *Hampton,* 7 *D. & E.* 269.

Were it nothing else, the smallness of the amount in controversy is sufficient to forbid the opening of the case. With all the preparation a party can make, and two verdicts against him, he ought to pause and examine,whether his cause be a just one. It is what a prudent man would ever do,and not let his passions urge him on to the ruin of himself or opponent. The prayer of the petition must be denied.

*Bates & Chipman,* for plaintiff.

*Phelps,* for defendants.