\*JUDAH *vs.* STAGG'S executors.                    [ \*238 ]

A judgment for *costs* against plaintiffs suing as *executors*, rendered by the marine court of the city of New-York, will not be reversed simply on the ground of the award of costs ; the court will intend that the costs were awarded on *special application*, unless the contrary appears.

ERROR from the superior court of the city of New-York. S. Gilbert and J. Strang, executors, &c. of C. Stagg, brought an action of assumpsit in the marine court of the city of New-York, against S. B. H. Judah for services rendered by the testator in his life time for the defendant. The defendant pleaded the general issue and payment. The parties proceeded to trial and the plaintiffs were *nonsuited* and *costs* awarded to the defendant. The plaintiffs sued out a *certiorari* returnable in the superior court of the city of New-York. The marine court made a return setting forth the proceedings had before them and the evidence exhibited on the trial. The superior court *reversed* the judgment of the marine court, and ordered a new trial to be had in that court. Whereupon the *defendant* sued out a writ of error removing the record into this court. From the record returned to this court it did not appear that the justices of the superior court had annexed their decision and the reasons therefor, in writing, to the proceedings on file, as directed by the act of 1837 ; see *Statutes of* 1837, *p.* 538, § 3.

S. B. *Helbert Judah*, in pro. per.

G .K. *Osborn*, for defendants in error.

*By the Court*, COWEN, J. The parties have seen fit to bring this cause to argument without the reasons for reversal being returned by the superior court, as required by the statute of 1837, *p.* 538, 9, *ch.* 461, § 3. The omission is assigned for error ; but the defect cannot be \*taken     [ \*239 ] advantage of in that form. If either party, in such a case, desire that a written opinion be furnished, he should move for a rule that the superior court amend its return.

It can hardly be supposed that the superior court reversed the judgment of the marine court, on the ground that it was against the weight of evidence. *Stryker* v. *Bergen*, 15 *Wendell*, 490. *Noyes* v. *Hewitt*, 18 *id.* 141. That is not pretended by the counsel on either side.

It seems to be admitted that the error relied on, was that the marine court rendered judgment against executor plaintiffs for costs. In this, it is insisted, *first*, that they were wrong on the 2 *R. S.* 511, 2*d. ed.* § 18. That section however, allows costs when it shall appear upon special application

that the suit was wantonly brought, or brought or conducted in bad faith. *Non constat* but they were awarded on such application ; and I think it must be intended they were, till the contrary be shown. A court having jurisdiction, and having acted according to it, is always entitled to claim the benefit of the rule *omnia præsumuntur legitime facta, donec probetur in contrarium ;* and this rule was applied in *Mulheran's ex'rs.* v. *Gillespie,* 12 *Wendell,* 349, a case in principle the same as the present. There error was brought because costs were awarded by the N. Y. com. pleas against executor defendants without a special application. Nothing being said in the return, one way or the other, about a special application having or not having been made to the court below, this court intended that it was made. The question whether costs should be allowed was there said to be one of regularity ; not error. That being so, it must begin and end with the court where it is made. It is a matter of discretion arising on motion. I speak of the question as it stands on the general rule. On *certiorari* from a justice's court, where the affidavit shows that no application was made, or that the facts disclosed gave no color for costs, and the court return specially that this is so, according to the statute concerning this peculiar sort of *certiorari,*

I do not deny that the court of error may act upon the matter,
[ *240 ]   if it form an objection in its own nature. *Until that be done,
however, the general rule of intendment remains as well in favor of a justice's court as any other.

I speak on the assumption, that the general statute of costs applies to the marine court ; and this is giving the present plaintiff in error his most favorable ground. It is quite clear, I think, that executors suing in the marine or other justice's court, must submit in all cases on being defeated to a judgment for costs *de bonis propriis,* like other parties plaintiffs, unless they can show themselves excepted by some provision in the particular act by which the court is instituted. *Vid. Wells* v. *Newkirk,* 1 *Johns. Cases,* 228. *Per Kent, C. J. in Blake* v. *Millspaugh,* 1 *Johns. R.* 317. No such exception has been pointed out, though counsel were referred to the 2 *R. L.* (1813) *p.* 390, § 133, by which costs are given generally. We are not aware of any exception, though there is such constant and scattered legislation in respect to our various justices' courts that it is impossible to recollect it in all its departments. Again, if the error lay solely in giving costs, the judgment should have been for a reversal in this respect only.

We are of opinion that the superior court erred ; that their judgment must be reversed, and that of the marine court affirmed.