By the Court, Cowen, J.
Clearly, the justice erred in rendering judgment on the ground of variance. Such an objection was not in the case, for want of being taken by the defendant at the trial. (Pike v. Evans, 15 John. 210 ; Briggs v. Dwight, 17 Wend. 71.)
The judgment was the more injurious to the plaintiff, inasmuch as in legal effect it was a judgment on the merits ; and operated as a final bar to another action. (Elwell v. McQueen, 10 Wend. 519 ; Hess v. Beekman, 11 John. 457.)
It is no answer that the proof was conflicting ; and so formed a case which upon a judgment on the merits would have been beyond the reach of a certiorari. Such a judgment was not rendered. The justice declares in his return that he acted on the variance, and mentions that as the sole ground.
We cannot reverse the judgment of the C. P. on the abstract ground that they have assigned no specific reason for their judgment of reversal, viz. whether they went on the fact or the law. The only effect of the omission was, that either party might perhaps have moved an amendment, and so had the reason returned. (Anon. 13 Wend. 99.) Even where a court is required by statute to annex their decision and the reasons therefor in writing, to be returned on error, yet if the cause be brought to a hearing without such return, the omission cannot be alleged for error. (Judah v. Stagg’s Ex’rs, 24 Wendell, 238.)
Judgment affirmed.