WELLS, FARGO & CO., PLAINTIFFS IN ERROR, v. DAVID PRESTON, DEFENDANT IN ERROR.[a]

**Practice : MOTION FOR A NEW TRIAL.** To entitle a party to a review of any alleged errors transpiring upon the trial of a cause, a motion for a new trial must be made, embodying all the errors complained of, as reasons why such new trial should be granted.

——— : ———. If the errors complained of are not so set forth, and opportunity given for their review by the court, no error has been committed, and no error appears on the record. *Per* CROUNSE, J.

THIS was a petition in error brought to reverse a judgment of the district court of Douglas county. Upon the trial of the cause in that court, a verdict being given in favor of the plaintiff and against the defendant, motion for a new trial was filed, but not within the time prescribed by the code. Upon motion of the plaintiff, the motion for a new trial was stricken from the files, and judgment rendered on the verdict. To reverse this judgment, the cause is brought to this court by Wells, Fargo & Co., who were defendants in the court below, upon petition in error. The counsel for defendant in error moved to dismiss the same on the grounds above stated.

[a] Decided at July term, 1872.

*E. Wakely*, for the motion.

*J. M. Woolworth*, contra.

The failure to file its motion for a new trial, within three days after verdict, will not deprive this plaintiff in error of the privilege of being heard here.

1. The errors complained of were duly excepted to at the trial, and are by the bill of exceptions made to appear on the record, and are therefore within section five hundred and eighty-two of the code of civil procedure, notwithstanding objection was not a second time made to them by a motion for a new trial.

And at common law the bill had to be abandoned before the motion for a new trial could be heard. *Fabrigas v. Mostegn*, 2 *W. B.*, 929. *Doe v. Robnty*, 2 *Barn & A.*, 367. *Andrews v. Adams*, 15 *Q. B.*, 1001.

2. Overruling a motion for a new trial cannot be assigned for error. *Blunt's Lessee v. Smith*, 7 *Wheaton*, 248. *Warner v. Norton*, 20 *Howard*, 448, 461.

3. The question was not in the Midland Pacific Railway cases, 1 *Nebraska*, 398, 406, 407, a motion having been filed there, but not covering the points raised in this court.

4. The error which may be reached by the motion, is one which has not been duly excepted to when it happened, and our code follows the common law in this particular. *Minchin v. Clement*, 1 *Barn. & A.*, 2.

5. Good excuse for the delay in filing was shown, and it should not have been stricken from the file. *Price v. Duggan*, 3 *Man. & Granger*, 641, 40 *English Common Law*, 784.

CROUNSE, J.

Application for a new trial must be made within three days after the verdict or decision is given in the trial court, unless unavoidably prevented. This is so declared by section three hundred and sixteen of the code. *General Statutes*, 1873, *page* 578. In this case no such application was made within the prescribed time. The one made was for this reason stricken from the files, and the case stands as though no motion had been made.

In the case of *The Midland Pacific Railroad Company v. McCartney*, 1 *Neb.*, 398, it was the purpose of this court to declare the rule that unless a motion for a new trial was made in the court below, no alleged errors occurring on the trial would be reviewed here. The record in that case, however, shows that a motion of that kind was made, but it did not embrace many of the alleged errors which this court was asked to examine into. Beyond those set forth in the motion for a new trial we refused to notice any. The record therefore, did not call for an announcement of the rule as broadly as it was the design of the court to pronounce it. So we take the occasion here to distinctly repeat, that to entitle a party to a review of any alleged errors transpiring on the trial of a cause in the court below, a motion for a new trial must have been made in that court, embodying the errors complained of as reasons why a re-trial should be granted.

A new trial in that court is expressly provided for by the code. Section three hundred and fourteen directs that the verdict or decision shall be vacated and a new trial granted for several reasons, among which is for errors of law occurring at the trial and excepted to by the party applying for the new trial. With the power expressly given to the inferior court to grant it, why should a party be allowed to come in the first instance to

this court and ask for a new trial? Until he shall have exhausted his remedy in the court below he should have no hearing here. This is but the repetition of a well established rule of practice. *Mills v. Miller*, 2 *Neb.*, 317. But it is said, it seems idle to apply to the same court committing the errors for a correction of them. It would be sufficient to answer, that they who enacted the statutes thought otherwise, and it becomes us to see that the purpose of the provision is effected. But to me there seems evident propriety and wisdom in the rule which requires a motion for a new trial to be made.

Questions will arise upon the trial in the admission of or rejection of testimony, or in the charge of the judge to the jury. These from necessity must be summarily disposed of. The authorities are not present. Court and counsel are not quite clear in their opinions. Jurors and suitors are waiting and the business of the term pressing. A decision is given by the court which, upon reflection, or upon an examination of the law bearing on the point involved would be changed. It is not only economy of time and money to the parties, but it is but justice to the court that opportunity should be given to review decisions thus hastily made. Three days' time is given in which to move for a new trial. In that time the party feeling aggrieved by any ruling of the court may satisfy himself of the correctness of his position, and be prepared to furnish the authorities. If time be required to argue and consider the questions raised, it may be done at the same term; if not, the hearing may be had at a subsequent term. But it is more than probable that a discussion of the several points as fully and in the light of the same authorities, would result the same in the one court as in the other; and the more is this likely to be so because of the peculiar constitution of this court, made up as it is of the judges who preside in the district court.

Nor is there in the rule here announced any conflict,

as has been urged, with that provision of the code which declares that " a judgment rendered, or final order made by the district court, may be reversed, vacated, or modified by the supreme court for errors appearing on the record." *General Statutes*, 1873, *page* 628. A false proposition of law given in the charge to the jury is none the less false because not excepted to, but to obtain a review of it, it has ever been held that a party must except to the particular part complained of. So the record might show the admission of improper testimony to the prejudice of one of the parties; but to bring it under review, it must further appear that the party complaining of it, addressed an objection to the court. This submitted the question to the court for its decision whether such evidence was proper. Then if dissatisfied with the ruling of the court, the party objecting must cause his exception to the ruling of the court to be noted. Without then both an objection and exception appearing, the admission of improper evidence, even to the prejudice of a party, is not that error appearing on the record as is contemplated by the section last referred to. It is going but one step farther to say, that unless the attention of the court is again called to such of the errors complained of during the trial, by a motion for a new trial, and time and opportunity given for their review deliberately, there has been no error committed by the court, and no error appears on the record.

In this case as there are no errors complained of, except such as transpired upon the trial, and they not having been passed upon on motion for new trial, the judgment of the district court must be affirmed.

**JUDGMENT AFFIRMED.**