| 7 | 221 |
| 8 | 415 |
| 9 | 211 |
| 20 | 509 |
| 22 | 654 |
| 24 | 303 |
| 7 | 221 |
| 31 | 845 |
| 7 | 221 |
| 35 | 700 |
| 7 | 221 |
| 42 | 345 |
| 43 | 735 |
| 7 | 221 |
| 47 | 318 |
| 7 | 221 |
| f59 | 348 |

## APRIL TERM, 1878.

---

PRESENT:

HON. DANIEL GANTT, CHIEF JUSTICE.
"   SAMUEL MAXWELL, } JUDGES.
"   GEORGE B. LAKE,

---

GILBERT B. SCOFIELD, PLAINTIFF IN ERROR, v. HENRY
BROWN, ADMINISTRATOR OF THE ESTATE OF JACOB SHOFF,
DECEASED, DEFENDANT IN ERROR.

1. **Practice:** INSTRUCTIONS TO JURY: EXCEPTION. Where the
record does not show that any exception was taken to the
charge of the court to the jury, no foundation is laid for a re-
view of the instructions in the supreme court.

2. ———: TESTIMONY: PETITION IN ERROR: MOTION FOR A NEW
TRIAL. To entitle a party to a review of the ruling of the
court below on the admission or rejection of testimony it is
necessary that the alleged error should be specifically pointed
out, not only in the petition in error, but also in the motion for
a new trial in the court below.

3. ———: NEWLY DISCOVERED EVIDENCE. A new trial will not be
granted on the ground of newly discovered evidence which is
merely cumulative to that which had already been produced.

ERROR to the district court for Otoe county. Tried below before POUND, J.

*G. B. Scofield,* pro se.

*J. C. Watson,* for defendant in error.

LAKE, J.

This is a petition in error from Otoe county. The action below was brought against the defendant as the administrator of the estate of Jacob Shoff, deceased, to recover the possession of a piano which the plaintiff had purchased from one William Findley, who was a son-in-law of Shoff. Findley claimed the piano through his wife, to whom, it was contended, it was given by her father, some time before her marriage. The plaintiff's right to recover in the action depended upon the establishment of the fact that the gift was actually made. The defendant claimed the property as belonging to the estate of the deceased.

The first two errors assigned related to the instructions given to the jury, and to others requested, but which were refused by the court. It is not shown by the record that any exception was taken to the action of the court in either of the particulars; therefore no foundation was laid for a review here. *Wells, Fargo & Co. v. Preston,* 3 Neb., 444.

The third error assigned is that the answer sets up no defense to the petition. This, however, seems to have been abandoned, inasmuch as it is not referred to by the plaintiff in his brief. But there is nothing in the objection, for an inspection of the answer shows that it contains not only a complete denial of all the several allegations of the petition, but also a positive averment that the property in controversy belonged to the estate

of Jacob Shoff, and that the defendant as administrator was entitled to the possession of it.

Under the fourth and fifth heads of the assignment it is averred that the court " erred in ruling out the evidence of the plaintiff offered on the trial," and " in admitting the evidence offered by the defendant on the trial of said action." But neither in the petition in error, nor in the motion for a new trial, nor even in the plaintiff's brief, is any reference made to any particular testimony received or excluded, and in respect to which it is claimed that the court ruled erroneously. This assignment is much too general to be regarded. The particular testimony, concerning which it is claimed that errors were committed, ought to have been specifically pointed out, not only in the petition in error, but also in the motion for a new trial in the court below. *Cropsey v. Wiggenhorn*, 3 Neb., 108. *Gibson v. Arnold*, 5 Neb., 186. But notwithstanding the non-observance of this rule of practice in this case, we have examined the several rulings of the district judge upon the admission of evidence, and fail to discover anything of which the plaintiff can justly complain.

The only remaining point to be noticed is the refusal of the court to set aside the verdict and grant a new trial, on the ground of newly discovered evidence. This evidence consists of verbal admissions, said to have been made by Jacob Shoff, on several occasions, that the piano belonged to his daughter, Mrs. Findley. But in view of the testimony of William Findley, who was a witness for the plaintiff on the trial, these admissions would be merely cumulative evidence. In answer to a question as to his wife's ownership of the piano, this witness answered: " To the best of my knowledge she was, having so informed me herself, *and I was so informed by her father, Jacob Shoff.*" Again he was asked, " Do you know of your

own knowledge that this piano was ever given to your late wife, and if so, how do you know it?" Answer: "I was so informed by my wife, *and Jacob Shoff*." Question. "When, where, and in what manner did he so inform so you?" Answer. "In conversation with him at the time of my first sickness. This was at my residence in Nebraska City. The idea was that he was explaining how much he was worth, and what provision he had made, and was going to make for his children." And in answer to a question as to just what Shoff said, he stated: "I do not remember the exact conversation, but I know that the piano was mentioned as a part of Mattie's (Mrs. Findley) inheritance." The newly discovered testimony is of the same character as this which we have quoted, the only difference being that the admissions were made to other persons, and on different occasions. The rule is well established that a new trial will not be granted on the ground of newly discovered evidence when it is merely cumulative. *Fox v. Reynolds*, 24 Ind., 46. *The People, ex rel. v. Superior Court of New York*, 10 Wend., 285. *Bullock v. Beach* et al., 3 Vt., 73. *Gardner v. Mitchell*, 6 Pick., 114.

Finding no error in the record the judgment of the court below is affirmed.

JUDGMENT AFFIRMED.