WESTERN GRAVEL COMPANY, APPELLANT, V. CHRISTIAN GAUER, APPELLEE.

FILED MAY 6, 1896. No. 6580.

New Trial: NEWLY-DISCOVERED EVIDENCE: BILL OF EXCEPTIONS. In order to entitle the unsuccessful party to a petition for a new trial under section 318 of the Code to a review in this court the evidence on the former trial must, when material, be preserved in the bill of exceptions. (Omaha, N. & B. H. R. Co. v. O'Donnell, 24 Neb., 753.)

APPEAL from the district court of Cass county. Heard below before CHAPMAN, J.

*Bradley & De Lamatre*, for appellant.

*Beeson & Root, contra.*

POST, C. J.

The plaintiff, against which decree had been entered by the district court for Cass county, prosecuted a pro-

ceeding by petition for a new trial under the provisions of section 318 of the Code. Said petition, upon final hearing thereof, was dismissed and a new trial denied, to which order and judgment exception was taken and the cause by appropriate proceeding removed into this court for review.

The only proposition necessary to notice at this time is that the record does not present the merits of the controversy, since the evidence upon the former hearing is not included in the bill of exceptions herein. Where a new trial is sought by means of a petition filed after the term at which the judgment or decree was rendered, the petitioner is required to show the evidence at the former trial when material, as well as the newly-discovered evidence or other ground alleged therefor, and both must be preserved in the bill of exceptions in order to entitle the unsuccessful party to a review of such proceeding by this court. (*Omaha, N. & B. H. R. Co. v. O'Donnell*, 24 Neb., 753.) The sole question presented by the petition in this case was whether, in view of the issues as finally made, the decree was warranted by the evidence. It is, therefore, clearly within the rule stated, and the judgment complained of must be

AFFIRMED.