PENNINGTON COUNTY BANK, APPELLANT, v. ANTON BAUMAN, JR., SHERIFF, APPELLEE.

FILED MAY 21, 1908. No. 15,195.

1. **Chattel Mortgages:** ACTION BY MORTGAGEE. A mortgagee of chattels cannot maintain a possessory action against a stranger unless, as between mortgagor and mortgagee, the latter has the right of possession. *Camp v. Pollock*, 45 Neb. 771, followed and approved.

2. **Pleading.** A plaintiff in replevin, claiming under a chattel mortgage, must allege in his petition the facts creating his interest, and those entitling him to possession of the chattels. *Camp v. Pollock*, 45 Neb. 771, followed and approved.

3. **Appeal.** An instruction given by the court, but not excepted to by a litigant, will not be reviewed in this court on that litigant's complaint.

4. ————. Alleged errors of the trial court in an action at law, not referred to in the motion for a new trial, will not be considered in this court.

5. **New Trial.** In a replevin action, the court at the close of the evidence directed a verdict for defendant, submitting to the jury but one question, to wit, the amount of defendant's recovery. Counsel for plaintiff did not ask permission to withdraw a juror, or request a continuance of the case, and was given permission to make such amendment to his petition as he desired. He

later participated in the argument to the jury, and at no time before the verdict was returned indicated to the court. that he was surprised. *Held,* That the court properly denied a new trial on the alleged grounds of accident and surprise.

APPEAL from the district court for Dodge county: JAMES G. REEDER, JUDGE. *Affirmed.*

*Frank Dolezal,* for appellant.

*Courtright & Sidner, contra.*

ROOT, C.

There is but little conflict in the evidence in this case. One Sigman formerly resided in Nebraska, and became indebted to the Dodge County Bank, a domestic corporation, transacting business at Fremont. Sigman thereafter moved to Pennington county, South Dakota, and engaged in rearing and buying and selling horses. He borrowed $3,000 from plaintiff, and gave it a mortgage upon all his horses and mules as security for the debt. Thereafter, with plaintiff's knowledge, Sigman loaded the horses and mules in controversy into a car at Rapid City, South Dakota, and consigned them to himself at Long Island, New York. Defendant, the sheriff of Dodge county, attached the stock in the car in the railway yards in Fremont. The writ was issued in an action brought on Sigman's note to the Dodge County Bank, and personal service of summons was made upon Sigman, who accompanied the stock as a caretaker. Plaintiff replevied. At the close of the evidence the court instructed the jury to bring in a verdict for defendant, which was done, and plaintiff appeals.

1. Surprise and accident in the trial of the case and alleged misconduct of the district court preventing a fair trial are urged as grounds for a new trail, for the alleged reason that the court at the commencement of the trial overruled an objection to the introduction of any evidence, but at the close thereof instructed a verdict for defendant. Counsel says that he was lulled into a belief

that his petition was good, else he would have amended it. Counsel did ask for permission to amend his petition by striking therefrom a part thereof, not by adding thereto, which request was granted. Counsel did not ask to withdraw a juror, nor, so far as the record discloses, in any manner indicate his surprise, but, on the contrary, submitted requests for instructions and made an argument to the jury upon the issue of the value of the stock taken under the writ. The court did not abuse its discretion in refusing a new trial on the ground of accident or surprise, nor is there the slightest justification for charging the trial judge with misconduct. *Matoushek v. Dutcher,* 67 Neb. 627.

2. In the state of the record it is difficult to determine the reasons for the peremptory instruction; whether upon the insufficiency of the petition, or because the evidence did not establish a cause of action in plaintiff's favor. Counsel for defendant urge that the petition and the evidence are both deficient. The evidence tended to establish the existence of a chattel mortgage for $3,000 given by Sigman to plaintiff for a *bona fide* debt, duly recorded in the office of the registrar of deeds of the county where the property was then situated and where the mortgagor and mortgagee resided. The South Dakota laws were not pleaded, and we must assume that they are identical with our statutes on the subject of chattel mortgages. It is argued that filing a mortgage with the registrar of deeds does not comply with the law. In counties having less than 18,000 inhabitants the county clerk is *ex officio* registrar of deeds. The mortgage seems to have been recorded in a chattel mortgage record, and, without the aid of more direct evidence, we are inclined to the view that the proof tended to prove not only a valid mortgage, but one filed in compliance with the laws of Nebraska. The petition, under the repeated decisions of this court, did not state a cause of action in favor of plaintiff. It affirmatively disclosed that plaintiff was a mortgagee of the chattels, and that the debt secured

thereby was neither due nor paid, but it did not state any condition or fact entitling plaintiff to the possession of the property, and would not have supported a judgment in its favor. *Musser & Co. v. King,* 40 Neb. 892; *Camp v. Pollock,* 45 Neb. 771; *Hudelson v. First Nat. Bank,* 51 Neb. 557; *Thompson & Sons Mfg. Co. v. Nicholls,* 52 Neb. 312. We therefore assume it was the insufficiency of the petition, and not the paucity of the evidence, that influenced the court in directing the verdict.

3. Counsel urge that the court should have instructed the jury to return a verdict for the value merely of Sigman's interest in the property, and that it erred in directing them to find defendant's interest as the market value of the property at the time of seizure, plus 7 per cent. annual interest from that date. The obstacles to our consideration of this complaint are that plaintiff did not except to one instruction of the court fixing the measure of defendant's damages; neither did its counsel tender an instruction on his theory of the law on that subject; nor in his motion for a new trial did he assert that the proper measure of damages was not given in the court's instructions or specifically refer to the instruction he now complains about; neither has he in his assignments of error filed in this court referred to said instructions. In short, the record is in that condition that we cannot, without violating long-established and well-known rules of practice, consider or pass upon the alleged error in instructing the jury as to the measure of damages. *Wells, Fargo & Co. v. Preston,* 3 Neb. 444; *Scofield v. Brown,* 7 Neb. 221; *Levi v. Fred,* 38 Neb. 564; *Bouvier v. Stricklett,* 40 Neb. 792; *Barr v. City of Omaha,* 42 Neb. 341; *Green v. Tierney,* 62 Neb. 562.

For the reason that the petition did not state facts sufficient to constitute a cause of action in plaintiff's favor, we recommend that the judgment of the district court be affirmed.

FAWCETT and CALKINS, CC., concur.

53

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.