PAUL CLEMONT, APPELLANT, V. CUDAHY PACKING COMPANY ET AL., APPELLEES.

FILED DECEMBER 14, 1911.   No. 16,560.

1. **New Trial: NEWLY DISCOVERED EVIDENCE.** Newly discovered evidence not relevant to the issues joined will not sustain an application for a new trial based solely on that discovery.

2. ———: ———: **DILIGENCE.** A petition for a new trial based solely upon the discovery of new evidence is insufficient unless the facts and circumstances pleaded will sustain a finding that the petitioner exercised diligence in endeavoring to procure such evidence before the trial.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Myron L. Learned* and *Alfred G. Ellick,* for appellant.

*Greene, Breckenridge, Gurley & Woodrough, contra.*

Root, J.

This is a proceeding by petition to secure a new trial in an action at law.

In December, 1905, the plaintiff, while in the defendant corporation's employ in its packing house, was stationed at or near the corner of a rectangular block, and directed to remove therefrom the sides of half-carcasses of slaughtered hogs remaining after the ham and shoulder had been severed therefrom by a cleaver wielded by another employee. About 500 pieces of meat an hour were to be thus removed. The plaintiff was furnished by the defendant corporation with an iron hook about three inches in length, and, because of his position with reference to the man using the cleaver and another servant whose duty it was to remove the severed ham, it was necessary for the plaintiff to reach across the line theretofore traversed by the cleaver. While the plaintiff was attempting to remove a side of meat, the man with the cleaver, without warning the plaintiff, and while striking a second blow to completely sever a ham, struck the plaintiff across the wrist with the cleaver and severely injured that member.

June, 1906, the plaintiff commenced an action in the district court for Douglas county against his employer and Mr. Novicki, the man who handled the cleaver, to recover for those injuries, which he alleged were caused by the defendants' negligence in the following particulars: That the plaintiff was directed by his foreman to change from a much less hazardous employment to the one in which he was injured, and, although the plaintiff was inexperienced and ignorant of the hazards of the last employment, his employer negligently, carelessly and wrongfully failed to warn or instruct the plaintiff, negli-

gently furnished an unsafe hook to work with, and negligently failed to furnish him a safe place to work in.

The defendants in the law action, in separate answers, denied the allegations of negligence, pleaded the plaintiff's alleged assumption of risk and contributory negligence, and the defendant corporation pleaded the alleged negligence of the plaintiff's fellow servant. To these answers replies in the nature of a general denial were filed. March 27, 1907, after the cause had been tried during three days, the trial judge, in response to separate requests, directed the jury to return a verdict for the defendants. Ordinary motions for a new trial filed March 30, 1907, were overruled July 30, 1907. The plaintiff alleges that for the first time he learned on June 30, 1908, that at the time he was injured the defendant corporation had no rule requiring the man with the cleaver, whenever it was necessary to strike a second blow to sever a half-carcass, to notify or otherwise warn the other men working around the chopping block, and on the same day for the first time learned that the man with the cleaver did not entirely sever the parts of the carcass with the first stroke because there was a defect in the chopping block, in this, that its surface was not smooth and the edge of the cleaver blade could not come in contact with the block along the length of the blade; that the plaintiff was unable during the former trial to produce testimony to prove these facts because the persons having knowledge of the facts refused to advise the plaintiff, although repeated efforts were made to obtain a statement from them, but he was unable to do so, and they refused to discuss the plaintiff's case with him or his attorney, and the witnesses produced could not testify to the facts; that no evidence was produced during that trial to prove the nonexistence of the rule or the cause for Novicki's failure to sever the one half-carcass with one stroke; that the newly discovered evidence is material, and, if it had been produced, would have changed the verdict; that the plaintiff could not with the exercise of reasonable dili-

gence discover and produce such evidence, but, if permitted, will prove the facts by the evidence of witnesses who did not testify on the former trial. A general demurrer to this petition was sustained, and, the plaintiff electing not to plead over, the proceeding was dismissed.

Counsel for the plaintiff say that this action is prosecuted under the provisions of section 318 of the code, which, among other things, provides for a petition for a new trial because of newly discovered evidence. The allegations in the petition will be considered denied without answer, and the case will be summarily determined during the next term. The litigant moving for the new trial should introduce the evidence adduced during the former trial as well as the newly discovered evidence. *Omaha, N. & B. H. R. Co. v. O'Donnell*, 24 Neb. 753. Ordinarily it will not be practical to state within the limits of a petition the testimony adduced during the former tral, so that a demurrer thereto will advise the district court or this court on appeal concerning the scope and quality of that evidence. A demurrer to such a petition is not ordinarily to be commended, but, where the showing made is clearly insufficient to justify granting a new trial, it may properly be filed. For the purposes of this case we must assume that the plaintiff during the trial of his case did not introduce sufficient evidence to sustain his allegation to the effect that the defendants were negligent, or, that, if he did, the proof of his contributory negligence was conclusive. In other words, the plaintiff's allegations in his present petition that the evidence adduced during his former trial disclosed facts from which a jury might lawfully find the defendants liable cannot prevail against the judgment in their favor. None of the alleged newly discovered evidence is relevant to any issue joined by the pleadings upon which the demand was tried, and hence it is immaterial. A new trial will not be granted for newly discovered evidence unless it is material. *Butterfield v. City of Beaver City*, 84 Neb. 417.

Furthermore, there is no such showing of diligence as will justify granting the plaintiff a new trial. Facts and circumstances, and not the litigant's conclusions, must be alleged, so that the court may determine whether reasonable diligence was exercised. The plaintiff alleges that none of his witnesses knew of the alleged defect in the chopping block or that the corporation defendant had not promulgated the rule he now asserts was necessary for his protection, but he does not state the names of the witnesses produced at the former trial or what relation they sustained to the defendant corporation, nor does he reveal the names of the alleged newly discovered witnesses, nor their relation, present or past, to the plaintiff's former employer. Clearly he did not call as witnesses those individuals who were working with him about the block, because if it be a fact that the table was defective, as he alleges, and it be conceded for the sake of argument that such defect was a proximate cause of his injuries, they would have known that fact. There is no allegation that either defendant suppressed evidence or interposed any obstacle to the plaintiff or his attorney in such investigations as may have been made to ascertain the facts. If a rule were necessary for the protection of the plaintiff and his fellow workmen, he knew that fact, or should have known it, before the case was tried.

No court can, from a consideration of all of the facts well pleaded in this petition, say that the plaintiff exercised reasonable diligence to ascertain and plead before his trial the facts which he contends creates a cause of action in his favor. Unless the petition discloses such facts that the court can say from their consideration that the plaintiff exercised reasonable diligence, it is fatally defective. *Todd v. City of Crete*, 79 Neb. 677.

There is no error in the record, and the judgment of the district court is

AFFIRMED.