ANNA WEBER, APPELLANT, V. JAMES F. ALLEN ET AL., APPELLEES.

FILED OCTOBER 30, 1931. NO. 27849.

*Allen G. Fisher, Samuel L. O'Brien* and *Charles A. Fisher,* for appellant.

*E. H. Boyd* and *W. R. Metz,* contra.

Heard before ROSE, GOOD and DAY, JJ., and MESSMORE and NISLEY, District Judges.

DAY, J.

This is an unusual appeal. It's object is to avoid a judgment rendered November 23, 1927, in favor of the defendant against the plaintiff, which was heretofore affirmed by this court in June, 1929. A petition for equitable relief was filed November 8, 1929. A supplemental petition was filed in the original case November 4, 1929, under section 20-2001, Comp. St. 1929. The prayer of each petition was that the judgment be vacated for that it had been procured by fraud and perjury.

At the outset it is apparent that the suit in equity was not proper. The petition alleges that the plaintiff has no adequate remedy at law, but said allegation was not true, since she not only had a remedy at law but was at the time actually pursuing such remedy. A suit in equity will not lie where an adequate remedy at law exists. In *Krause v. Long,* 109 Neb. 846, it was said: "The rule obtains in this and some other jurisdictions that equity will not afford relief if the complainant has a remedy by statutory proceeding in the original action, and that to be entitled to equitable relief against the enforcement of a judgment procured by fraud the party must not have neglected to avail himself of a statutory remedy. *Van Antwerp v. Lathrop,* 70 Neb. 747; *State v. Lincoln Medical College,* 86 Neb. 269; *Bankers Life Ins. Co. v. Robbins,* 53 Neb. 44; *Proctor v. Pettitt,* 25 Neb. 96; 23 Cyc. 981; *Wirth v. Weigand,* 85 Neb. 115; *National Surety Co. v. State Bank,* 56 C. C. A. 657; *Thompson v. Laughlin,* 91 Cal. 313." This was quoted with approval in *Brandeen v. Beale,* 117 Neb. 291. In passing, we note that some states have adopted a contrary rule.

We are next confronted with the disclosure in the record that the only motions for new trial filed in the cases were oral. Section 20-1144, Comp. St. 1929, requires that an application for new trial must be by motion upon written grounds filed at the time of the making of the motion. The provisions of this statute are mandatory. *Carmack v. Erdenberger*, 77 Neb. 592. Under the circumstances, there is no motion for new trial in either of the cases. The inquiry of this court in the action at law is limited to the sufficiency of the pleadings to support the judgment. *O'Donohue v. Hendrix*, 13 Neb. 255; *Farris v. State*, 46 Neb. 857; *Slobodisky v. Curtis*, 58 Neb. 211; *Walker v. Burtless*, 82 Neb. 214; *Anderson v. Union Stock Yards Co.*, 84 Neb. 305. The pleadings, upon examination, disclose that they are sufficient to support the judgment of the court. Upon consideration of the equity case, this court, in the absence of a motion for new trial, cannot consider alleged errors in the admission of testimony. *State v. Citizens State Bank*, 115 Neb. 271.

This might be of controlling force, in connection with the motion of the appellant filed in this court to make the bill of exceptions in the original case a part of the bill of exceptions in this case. The alleged false evidence upon which the judgment was rendered is no part of the record in this case. Where a new trial is sought by means of a petition filed after term, alleging fraud and perjury in procurement of judgment, the litigant moving for a new trial must introduce the evidence adduced at the former trial. *Clemont v. Cudahy Packing Co.*, 90 Neb. 449; *Omaha, N. & B. H. R. Co. v. O'Donnell*, 24 Neb. 753; *Barr v. Post*, 59 Neb. 361. The testimony in the former trial was not offered. The record is: Attorney for appellant: "I request the court to take judicial knowledge of the record of the testimony that has been made in this case heretofore." Reporter: "Are you offering that?" Attorney for appellant: "No; I am not." Since the evidence was not offered, there can be no question raised as to the failure of the trial judge to make it a part of the bill of exceptions. Obviously, this court upon motion cannot make a

part of the bill of exceptions evidence not offered in the trial and which was not considered by the trial court. *Pennington County Bank v. Bauman*, 81 Neb. 782.

It must be apparent that the appellant cannot prevail in this appeal, whether we consider his position in law or in equity. We have labored patiently upon this "double barreled" case because of the seriousness and earnestness with which it was argued by the appellant. It was insisted at the oral argument that there was evidence enough in the record without the testimony of the original case. Although we are of the opinion that the record does not present the merits of the controversy without the evidence upon the former trial included in the bill of exceptions (*Western Gravel Co. v. Gauer*, 48 Neb. 246), nevertheless, we have examined the record. The evidence in the record supports the finding of the trial court in the law action. Considered *de novo*, as is required in an equity action, we independently reach the same conclusion as the learned trial judge. It was necessary to reach our decision by elimination one by one of the many contentions of the appellant. Following our conclusions, in which we find no grounds for reversal of the judgments of the trial court in either case, we affirm them.

AFFIRMED.