BERNARD J. FOLEY, AN INDIVIDUAL DOING BUSINESS AS B. J. FOLEY BROKERAGE COMPANY, APPELLANT, V. W. A. WESCOTT, FIRST AND REAL NAME UNKNOWN, AN INDIVIDUAL DOING BUSINESS AS WESCOTT WATER SOFTENER COMPANY, REVIVED IN ORDER TO PROCEED IN NAME OF SYBIL WESCOTT, ADMINISTRATRIX OF ESTATE OF W. A. WESCOTT, DECEASED, APPELLEE.

33 N. W. 2d 165

Filed July 7, 1948.   No. 32402.

*Cloid J. Wilson* and *Louis B. Finkelstein,* for appellant.

*Davis, Stubbs & Healey,* for appellee.

Heard before SIMMONS, C. J., PAINE, CARTER, MESSMORE, YEAGER, CHAPPELL, and WENKE, JJ.

WENKE, J.

This is an appeal taken from an order of the district court for Lancaster County denying and dismissing the appellant's petition for a new trial. The petition was filed pursuant to the provisions of section 25-1145, R. S. 1943, and is based on the ground of newly discovered evidence.

It should be mentioned that the appellee died while this appeal was pending and the action was revived in the name of the administratrix of his estate.

Section 25-1145, R. S. 1943, provides as follows: "Where the grounds for a new trial could not, with

reasonable diligence, have been discovered before, but are discovered after the term at which the verdict, report of referee or decision was rendered or made, the application may be made by petition filed as in other cases; on which a summons shall issue, be returnable and served, or publication made, as prescribed in section 25-519. The facts stated in the petition shall be considered as denied without answer, and if the service shall be complete in vacation, the case shall be heard and summarily decided at the ensuing term. The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases, but no such petition shall be filed more than one year after the final judgment was rendered."

It will be observed that the statute provides: "The facts stated in the petition shall be considered as denied without answer, * * *. The case shall be placed on the trial docket, and the witnesses shall be examined in open court, or their depositions taken as in other cases, * * *."

While a bill of exceptions accompanies the record which contains the evidence adduced at the original trial held on October 9 and 10, 1946, from which no appeal was taken after the appellant's motion and additional motion for new trial filed therein were overruled on July 19, 1947, and the affidavits of Milo L. Thompson and Bernard J. Foley in support of the petition, it does not show that this evidence was offered and received as such at the time of the hearing on the petition for a new trial. In fact, the record shows that no evidence was offered in support of the petition for a new trial at the time of the hearing thereon. That the statute so requires is clearly evident from its language and we have said, in a case involving the procedure thereunder, that: "The litigant moving for the new trial should introduce the evidence adduced during the former trial as well as the newly discovered evidence.

Omaha, N. & B. H. R. Co. v. O'Donnell, 24 Neb. 753." Clemont v. Cudahy Packing Co., 90 Neb. 449, 133 N. W. 842. See, also, Western Gravel Co. v. Gauer, 48 Neb. 246, 67 N. W. 150.

Where, pursuant to the provisions of section 25-1145, R. S. 1943, a new trial is sought by means of a petition filed after the term at which the judgment or decree was rendered, and the petition stands denied, the petitioner is required to adduce the evidence at the former trial, when material, as well as the newly discovered evidence or other ground alleged therefor, and both must be preserved in a bill of exceptions in order to entitle the unsuccessful party to a review of such proceedings in this court.

Since, under the statute, the petition stood denied and there is no record of any evidence offered in support thereof, the judgment of the lower court denying the appellant the relief asked must be affirmed.

AFFIRMED.