[No. 7945.   Department Two.   September 29, 1909.]

## CHARLES SCHOENING, *Respondent*, v. LILA YOUNG, *Appellant*.[1]

MUNICIPAL CORPORATIONS—STREETS—COLLISION WITH AUTOMOBILE—
CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY.   In an action for
injuries to plaintiff's horse and buggy in a collision with defendant's
automobile, where the evidence is conflicting as to whether plaintiff
was guilty of contributory negligence in driving on the left side of
the street near a turn, findings for the plaintiff are supported by
evidence that the automobile struck the left side of the buggy and
horse before it had turned straight with the street.

NEW TRIAL—NEWLY DISCOVERED EVIDENCE—DILIGENCE.   A new trial
for newly discovered evidence is properly overruled where it appears
that the evidence was known but not produced because its necessity
was not anticipated.

Appeal from a judgment of the superior court for King
county, Albertson, J., entered December 5, 1908, upon find-
ings in favor of the plaintiff, after a trial on the merits be-
fore the court without a jury, in an action for damages sus-
tained through a collision.   Affirmed.

*Charles Petrovitsky*, for appellant.

*Guie & Guie*, for respondent.

PER CURIAM.—The appellant, driving an automobile, and
the respondent, driving a horse hitched to a buggy, collided
near the junction of Rainier avenue and Charleston street,

[1]Reported in 104 Pac. 132.

in Georgetown, King county, Washington, and the respond-
ent, conceiving that the appellant was at fault, brought this
action against her to recover the damages suffered by his
property by reason of the collision.  Appellant took issue
with the allegations of the respondent, contending that the
respondent was at fault.  A trial was had on the issues made,
before the court sitting without a jury, resulting in findings
and a judgment in favor of the respondent for the sum of
$264.  This appeal was taken therefrom.

The evidence shows that the collision occurred on the even-
ing of December 3, 1907, shortly after it became dark.  The
appellant approached the junction of the avenues in her
automobile, traveling on Rainier avenue at a speed of about
ten miles per hour; while the respondent approached the
junction from Charleston street, traveling at the gait at
which a carriage horse ordinarily trots.  The appellant
reached the junction first, and, without slackening the speed
of the automobile, started to turn into Charleston street and
collided with the respondent before the automobile had com-
pleted the turn.

The parties do not agree as to the exact place in the street
the collision took place.  The appellant contends, and her evi-
dence in part at least tended to support her, that the auto-
mobile turned immediately on reaching the intersection of the
street, keeping all the while on the right side of the center
of the street, and that the machine was well to the right of
the center when the collision occurred.  On the other hand,
the respondent insists that the appellant, on approaching
the corner, was traveling at too great a speed to make the
turn directly, and crossed to the left of the center of the
street before completing the turn, colliding with respond-
ent's horse and buggy on that side of the street.  The point
is material on the question of contributory negligence on the
part of the respondent, for if it be true that the appellant
was negligent, that she approached the junction of the street
and attempted to make the turn at too great a speed under

the conditions as they then existed, the respondent was like-
wise guilty of negligence contributing to his injuries if he
approached the junction traveling at a trot on the side of
the street he could expect persons obeying the statutes and
the rules of the road to be traveling upon.  But if he was
upon the proper side of the street, there is nothing in the
record that indicates negligence on his part.  On this ques-
tion we are not inclined to disturb the findings of the trial
court.  While, as we say, the evidence is in conflict, and each
side seemingly was supported by about an equal number of
witnesses, the concomitant circumstances, although meagerly
perhaps, support respondent's contention rather than the ap-
pellant.

When the automobile approached the crossing it was trav-
eling, according to the chauffeur, some five feet distant from
the curb.  It struck the respondent's horse on the left hip
and the buggy on the left front wheel, and this after the
automobile had proceeded along Charleston street some fif-
teen feet and before it had turned straight with the street.
These circumstances support the respondent's account of the
accident, rather than the account of appellant; for if the
horse and buggy had been approaching on the appellant's
side of the street the collision could hardly have taken place
in the manner here described; and that it did take place in
this manner there is no dispute in the evidence.

The appellant further contends that the court erred in
overruling her motion for a new trial.  This motion was
based on the ground of newly discovered evidence.  But a
perusal of the affidavits filed in support of the motion makes
it clear that the evidence thought to be newly discovered was
not unknown to the appellant at the time of the trial; or, at
least, it was not so far hidden that it could not have been
found by the exercise of reasonable diligence.  This, indeed,
is hardly denied by the appellant, but she contends that she
did not anticipate the turn the action would take and the
necessity for the evidence that she now seeks to produce, and

did not produce it for that reason. But manifestly this is not a sufficient cause for which to grant a new trial.

The judgment is affirmed.