[No. 23756. Department Two. June 30, 1932.]

C. H. STEFFEN, *Appellant*, v. GENEVIEVE WALTON, *Individually and as Administratrix, Respondent.*[1]

*Andrew J. Balliet*, for appellant.

*Gerald Schucklin, Kenneth C. Davis*, and *Marion Garland*, for respondent.

[1]Reported in 12 P. (2d) 927.

MILLARD, J.—This is an action by an attorney at law to recover for professional services alleged to have been performed for the defendant pursuant to an oral contract entered into April 11, 1931. From the judgment entered on the findings in favor of the defendant, the plaintiff has appealed.

The finding that the respondent did not retain the appellant to represent her in the pressing of her claim for the wrongful death of her husband, is first assigned as error.

George Ellis Walton was killed in an automobile collision in Bremerton March 4, 1931. His widow, the respondent, was duly appointed and qualified as administratrix of the decedent's estate. On April 11, 1931, the respondent discussed with the appellant the matter of retaining an attorney. On April 24, 1931, counsel other than appellant represented the respondent in an action brought by her to recover for the wrongful death of her husband.

Appellant testified that his friend Arthur S. Fenton, on March 5, 1931, telephoned from Bremerton to the appellant in Seattle that a friend of Fenton's had been killed; that he, Fenton, was acting for the widow (respondent) and wanted appellant to handle the case. "He never said he had authority. I assumed from what he said she wanted him to look after those matters for her."

Appellant attended the coroner's inquest, and on March 23, 1931, interviewed in Bremerton two eye witnesses to the accident. On April 11, 1931, respondent called at appellant's office. At no time prior to this date had appellant or respondent seen each other. In appellant's office, jointly used by him and his attorney, were appellant, respondent, a Mrs. Hamrick, and appellant's attorney. No papers were there signed, nor is there any testimony that would warrant a finding

that respondent at that time retained the appellant as her attorney or ratified Fenton's selection of appellant as her attorney. While appellant stated what the terms of employment would be, and testified that respondent said, ''That sounds all right,'' there is not a syllable of testimony to sustain the position of appellant that he was then retained, or that respondent approved Fenton's employment of appellant.

Appellant testified that, when respondent was departing from the office, she said she would within a few days remove from Bremerton to Seattle,

''. . . and would come in and give us the facts as to the eye witnesses to the accident. Q. At the time of the conversation with you she didn't give you any facts concerning the accident? A. No,—she didn't seem to want to talk about it. Q. She didn't want to talk to you about it at the time? A. She didn't say she didn't want to talk about it,—she made an excuse she didn't have time at that time to give them to us. She was going to move over here in a few days and would come in and give us the facts.''

A week or so later, respondent telephoned to appellant ''that she was going to drop that case entirely; that she was not going to take any further steps in the matter.'' After April 11, so appellant testified, he did nothing further, ''except to look up the law to get ready for the case and prepare the papers for her appointment as administratrix in the estate.'' Those papers were never seen by the respondent.

Appellant assumed—there is no testimony to support the allegation of agency—that Fenton was authorized by respondent to retain the appellant to represent the respondent, and that, on April 11, 1931, the respondent ratified that employment. Appellant so alleged in his complaint, as follows:

''That Arthur S. Fenton had been closely associated for some time immediately preceding his death with the

said decedent and the defendant; that the defendant, through and by her agent, Arthur S. Fenton, employed the plaintiff to take charge of and prosecute, if necessary, her claim for damages for the life of said decedent; that he agreed to and with said agent to do so. . . . that the defendant approved said employment in all particulars on or about the 11th day of April, 1931.''

The testimony of appellant's attorney is no stronger than that of his client as to the discussion of April 11, 1931, and likewise fails to sustain the contention that Fenton was authorized to retain the appellant, and does not support appellant's position that he was employed by respondent.

The respondent testified that she never saw appellant but once, and that was in his office April 11, 1931; that Fenton was never authorized to retain a lawyer for her; that, when she learned on April 11, 1931, that Mr. Fenton had requested the appellant to make an investigation as to the death of her husband, she told appellant, ''I hadn't given Mr. Fenton any authority.''

She admitted inquiring as to the probable cost of prosecuting a claim for her husband's death, but insisted that no contract was made; that she informed the appellant, as she departed from the office, ''I hadn't decided what I was going to do; that I was sick and would let him know later.'' She did ''let him know later.'' The appellant testified that respondent telephoned to him a week or so later ''that she was going to drop that case entirely; that she was not going to take any further steps in the matter.'' The testimony of Mrs. Hamrick is corroborative of that of the respondent.

The trial court's finding will not be disturbed, inasmuch as the evidence does not preponderate against the same.

■ Appellant next contends that the trial court erred in overruling the motion for a new trial on the ground of newly discovered evidence.

Appellant's affidavit in support of his motion for a new trial is to the effect that, on October 6, 1931, the affiant's attorney was advised by the clerk of the court that the action brought by affiant against the respondent was set for trial on November 24, 1931; that, on October 22, 1931, affiant addressed a letter to Arthur S. Fenton at Keyport, at which place Fenton and the decedent had been stationed for some time as employees of the United States, asking Fenton whether he would be willing to be a witness; that the case

". . . will come on for trial in the near future, and I am writing you to ascertain if Mrs. Walton requested you to have me attend to this matter, or not, because I was acting under your instructions up to the time Mrs. Walton came into my office."

To that letter, affiant received a reply November 27, 1931, three days subsequent to the end of the trial of appellant's action against respondent, from Fenton, who was then stationed on the U. S. S. Lexington, at San Pedro, California. Fenton answered the affiant as follows:

"I was detached since you wrote me, went on leave, which accounts for the tardiness of my reply. . . . I spoke to Mrs. Walton about you, as a lawyer friend of mine and she said, Mr. Fenton, you attend to everything; you know more about these things than I do. I informed her that I had seen you and you were going to prosecute, which she approved of."

This action was commenced August 7, 1931, because of the refusal of the respondent to pay appellant for services the latter claimed to have performed for the former. Appellant alleged he was employed by respondent's agent, Fenton, and that respondent on

April 11, 1931, approved the employment. By her answer, the respondent denied that she employed, and likewise denied that she authorized any one to employ, the appellant to represent her in the automobile action.

The materiality of the testimony of Fenton was known long prior to the trial, which occurred three months subsequent to the date of the filing of appellant's complaint. The slightest diligence would have procured it. On October 22, 1931, sixteen days after receipt of advice that the cause was set for trial November 24, 1931, appellant wrote to Fenton, asking him to serve as a witness. Keyport is only a short distance from Seattle and Port Orchard. Diligence required of the appellant, when he failed to receive a reply within a few days, that he endeavor to locate the witness. This man was an employee of the United States government. It would not have been difficult to have ascertained his whereabouts and to have obtained his deposition long prior to the trial. At no time did the appellant ask for a postponement before or at the time of the trial.

The evidence was known, and if it was not produced because its necessity was not anticipated, the court properly overruled the motion. *Schoening v. Young,* 55 Wash. 90, 104 Pac. 132. The motion for a new trial on the ground of newly discovered evidence was properly denied, as no diligence was shown.

The judgment is affirmed.

TOLMAN, C. J., MAIN, HOLCOMB, and BEALS, JJ., concur.