[No. 7233.  Decided June 1, 1908.]

JAMES W. GOODRICH, *Respondent*, v. REBECCA KIMBLE *et al.*, *Appellants.*[1]

NEW TRIAL—NEWLY DISCOVERED EVIDENCE.  A new trial for newly discovered evidence is properly denied where no diligence was shown.

APPEAL—REVIEW—NEW TRIAL—DISCRETION.  The refusal of a new trial, asked on the ground of newly discovered evidence, will not be reviewed where no abuse of discretion appears.

CANCELLATION OF INSTRUMENTS—COMPETENCY—UNDUE INFLUENCE —EVIDENCE—SUFFICIENCY.  The evidence is insufficient to warrant the cancellation of a deed on the ground of incompetency of the grantor, about seventy-three years of age, and because of undue influence, where it appears that the property, valued at $600, was deeded in consideration of an agreement by the grantee to pay $50 per year as long as the grantor lived, which was paid for nine years without complaint made by the grantor or any of her children with whom she lived most of the time, and she appears to have been competent to transact business and no advantage was taken of her.

Appeal from a judgment of the superior court for Skagit county, Joiner, J., entered July 15, 1907, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to enjoin the defendants from trespassing and committing waste upon real property. Affirmed.

*E. W. Howell*, for appellants.

*Million, Houser & Shrauger*, for respondent.

MOUNT, J.—The respondent brought this action to enjoin the appellants from trespassing and committing waste upon certain real estate. The answer of the appellants consisted of certain admissions and denials, and also of a cross-complaint by which it was alleged, that appellant Rebecca Kimble deeded the land in question to respondent in the year 1898; that at the time of making the deed she was by reason of old age

[1]Reported in 95 Pac. 1084.

incompetent to make the deed; that the consideration therefor
was inadequate; that the title to the land was obtained from
her by the respondent through fraud, undue influence, and
deceit; and prayed for a cancellation of the deed.    These
allegations were denied by the answer.    The cause was tried
to the court without a jury, and at the conclusion of the trial
the court found in favor of the plaintiff and against the
defendants, and entered a judgment accordingly.    Thereafter
the defendants moved for a new trial upon the ground of
newly discovered evidence, which motion was denied.

The first error assigned is that the court erred in denying
this motion.    There is no showing of diligence by the appel-
lants.    The action of the trial court in matters of this kind
rests largely within the discretion of the court, and is re-
viewed only for abuse thereof.    Since no abuse of discretion
appears, there is no merit in the assignment.

It is next argued that the trial court should have set aside
the contract between the respondent and Rebecca Kimble,
because of the incapacity of the latter, and also because the
respondent permitted the land to become incumbered with tax
liens.    It appears that Rebecca Kimble obtained title to the
land in question, amounting to twenty-five acres, in the year
1897.    It was then worth about $600.    She was then about
seventy-three years of age.    She agreed to and did, on
January 13, 1898, deed the land to the respondent for a con-
sideration of $50 per year, to be paid to her on the first day of
January of each year as long as she should live.    After the
deed was made and after the first payment, she selected the
acre of ground, and respondent erected at his own expense a
small dwelling thereon satisfactory to her.    She occupied the
house for two or three years, and then went to the state of
Ohio where some of her children were living.    She remained
there until 1907, when she returned to this state, and immedi-
ately sought to rescind the contract for the reason that $50
per year was not sufficient to support her.    At the time she
entered into the contract with respondent, he was married to

her granddaughter.   The respondent has regularly, since the year 1898, paid the $50 per year, and has improved the property.   There is some evidence to the effect that Mrs. Kimble had odd notions and was not competent to transact business.  But the great weight of the evidence convinces us that she was competent to enter into the contract at the time it was made, and that no advantage was taken of her.   She had several grown children who helped to support her both here and in Ohio.   They knew of the contract after it was made.  She enjoyed the benefits of the contract for nine years, and no complaint was made by her or any of the children that the contract was inequitable.   They evidently supposed the contract was a fair one, until recently when the land became more valuable.   It is true, there were delinquent taxes against the land at the time the action was begun, but these were paid off by the respondent before the time of the trial.   An examination of the whole record convinces us that the judgment of the trial court was right.

It is therefore affirmed.

HADLEY, C. J., DUNBAR, ROOT, FULLERTON, RUDKIN, and CROW, JJ., concur.