# THEODORE JENNEMANN, Respondent, v. JOHN BUCHER, Appellant.

St. Louis Court of Appeals. Argued and Submitted November 3, 1914. Opinion Filed December 8, 1914.

1. **APPELLATE PRACTICE: Conclusiveness of Findings.** In an action at law tried to the court, the question of where lies the preponderance of the evidence is for the sole determination of the trial court, and its finding is conclusive, on appeal, if sustained by substantial evidence.

2. ————: **Trial Practice: Leading Questions: Review.** The trial court may, in its discretion, allow leading questions to be propounded to a witness, and such discretion will not be interfered with, on appeal, unless it has been flagrantly abused and the party objecting has suffered injury therefrom.

3. ————: **Exclusion of Evidence: Review.** In order to warrant the review, on appeal, of a ruling by the trial court excluding evidence, such evidence, or its substance, must be preserved in the record.

4. ————: **Presumption of Correct Action by Trial Court.** In the absence of a showing to the contrary, the presumption is always in favor of correct action on the part of the trial court.

5. **MONEY HAD AND RECEIVED: Overpayment Through Mistake: Evidence.** In an action by one of two stockholders of a corporation, who bought the shares of the other stockholder, to recover an overpayment made to the seller, in arriving at the valuation of the stock, caused by adding to one-half of the value of the merchandise on hand the whole of the outstanding accounts receivable, instead of one-half thereof, *held* that a certified copy of the report of the corporation, made by plaintiff as president prior to the sale and filed in the office of the Secretary of State, had no tendency to show the value placed upon the stock by plaintiff at the time he made it, and hence was inadmissible for that purpose.

6. **PLEADING: Construction of Petition After Judgment.** A petition must be liberally construed after judgment, so as to support the judgment.

7. **MONEY HAD AND RECEIVED: Pleading: Overpayment Through Mistake: Sufficiency of Petition.** The petition, in an action for money had and received, alleged that defendant, one of the two stockholders of a corporation, entered into a con--

tract with plaintiff, the other stockholder, whereby defendant agreed to sell to plaintiff all of his stock, at and for its book value, which was then and there ascertained and agreed between plaintiff and defendant to amount to the sum of $3361.31, and that, upon the delivery of the stock, plaintiff paid to defendant "through a mistake and error on his part, the sum of $4334.81 as payment in full for said shares, instead of the said agreed sum of $3361.31, whereby plaintiff, by reason of said error and mistake, paid to said defendant the sum of $973.50 in excess of the sum agreed to be paid for said shares of stock," and that plaintiff demanded repayment of such sum as soon as he discovered the error, but defendant refused to refund. *Held*, that the petition, when liberally construed, as it must be after judgment, states a cause of action for money had and received; an averment of a promise to pay being immaterial, as, under the facts pleaded, the law implies that promise.

8. ————: Overpaymnt Through Mistake: Evidence. In an action by one of two stockholders of a corporation, who bought the shares of the other stockholder, to recover an overpayment made to the seller, in arriving at the valuation of the stock, caused by adding to one-half of the valuation of the merchandise on hand the whole of the outstanding accounts receivable, instead of one-half thereof, where the seller defended on the ground that the transaction was closed, evidence offered by him to the effect that the value of the good will was not figured in the sale, as it should have been, was properly excluded, as being irrelevant to the issues.

9. ————: ————: Pleading: Waiver of Defects: Appellate Practice. A petition, in an action for money had and received, based on an overpayment through mistake, which alleged that the mistake was made by plaintiff, was not open to objection, after judgment, on the ground that it was insufficient because it did not allege that the mistake was mutual, where the case was tried on the theory that the question of whether there had been a mutual mistake was the controlling issue.

10. ————: ————: Evidence: Book Value of Corporate Stock. In an action by one of two stockholders of a corporation, who bought the shares of the other stockholder, to recover an overpayment made to the seller, in arriving at the valuation of the stock, caused by adding to one-half of the value of the merchandise on hand the whole of the outstanding accounts receivable, instead of one-half thereof, *held* that a valuation on the invoice value of the assets would be considered the "book value" of the stock, no other value being given, within an allegation of the petition that the stock was sold at its "book value," although such invoice value was not formally carried on the books of the corporation.

11. ———: ———: **Sufficiency of Evidence.** In an action by one of two stockholders of a corporation, who bought the shares of the other stockholder, to recover an overpayment made to the seller, in arriving at the valuation of the stock, caused by adding to one-half of the value of the merchandise on hand the whole of the outstanding accounts receivable, instead of one-half thereof, evidence *held* to sustain a finding that plaintiff had overpaid defendant as a result of a mutual mistake, warranting a judgment in his favor.

12. **NEW TRIAL: Newly Discovered Evidence: Relevancy.** Newly discovered evidence is not a ground for a new trial unless it relates to the issues that were tried.

Appeal from St. Louis City Circuit Court.—*Hon. George C. Hitchcock,* Judge.

AFFIRMED.

*Edward A. Raithel* and *John W. Mueller* for appellant.

(1) The burden of proof was, of course, on the plaintiff; that is, it was incumbent on him to sustain the petition by a preponderance of the evidence. This, we submit, he absolutely failed to do. Glover v. Henderson, 120 Mo. 367. (2) The court erred in overruling objections to leading questions. Engelking v. Railroad, 187 Mo. 158; 1 Redfield's Edition of Greenfield's Ev., 477; State v. Whalen, 148 Mo. 286. (3) The court erred in excluding defendant's offer of an affidavit made by the plaintiff to the Secretary of State, himself, at the very time of the statement between the parties and relating to the very subject-matter of the controversy between them, namely, the valuation put on the stock of the defendant. Sullivan v. Railroad, 133 Mo. 1; State v. Macy, 67 Mo. App. 326; Schlicker v. Gordon, 19 Mo. App. 479; Revised Statutes Mo. 1909, sec. 3026. (4) No averment that there was an account stated. Nor was there an averment that defendant agreed to pay, which was likewise essential. Newberger v. Friede, 23 Mo. App. 634; Joyce v.

Murnagham, 17 Mo. App. 10; McCormack v. Sawyer, 104 Mo. 43; McGuire v. De Freese, 77 Mo. App. 685; Brown v. Kimmel, 67 Mo. 430. The real value of the stock, therefore, becomes material, and in determining this, the good will should be taken into account. (5) Furthermore, we submit that there can be no recovery in this case, because there was no mutuality of mistake. The petition alleges that the mistake made was by the plaintiff, and alleges nothing to indicate that the defendant was aware of that mistake. Matthew v. City of Kansas, 80 Mo. 231; Budd v. Eyerman, 10 Mo. App. 437; Davis v. Krum, 12 Mo. App. 279; Koontz v. Central Nat'l Bank, 51 Mo. 275; Norton v. Bohart, 105 Mo. 615; Boeckler Lumber Co. v. Cherokee Realty Co., 135 Mo. App. 708, 719; Benn v. Pritchett, 163 Mo. 560. (5) There was error on the part of the trial court in refusing a new trial on the ground of newly-discovered evidence.

*E. V. P. Schneiderhahn* and *E. C. Slevin* for respondent.

(1) If there was substantial evidence to support the judgment this court will not interfere. Miller v. Barnett, 124 Mo. App. 53, 57; Kinlen v. Railroad, 216 Mo. 145, 176. The findings of fact made by a trial court in a law case without a jury are the equivalent of a verdict of a jury and if supported by substantial evidence must be accepted by the appellate court. Glade v. Ford, 131 Mo. App. 164, McCormick v. Moore, 134 Mo. App. 669. Preponderance of evidence has no reference to numbers, but to the credibility and weight of the evidence. Cartlich v. Railroad, 129 Mo. App. 721. (2) The trial court exercises its discretion in allowing the privilege of asking leading questions and it will not be reviewed on appeal unless it clearly appears that such discretion has been abused. Speckmann v. Kreig, 79 Mo. App. 376; Coats v. Lynch, 152

Mo. 161. (3) Books of original entries are admissible as part of the *res gestae*. Gardner v. Gas Co., 154 Mo. App. 666. (4) Where alleged incompetent evidence has been admitted over objection, a request should be made that it be stricken out. Failing to do so, the party has no cause of complaint. Adams Express Co. v. Railroad, 126 Mo. App. 471. (5) The right to recover back moneys paid by mistake is not dependent upon the knowledge, information or belief of the opposite party that the mistake has been made. Union Electric Light Co. v. Surgical Co., 122 Mo. App. 631. (6) *Assumpsit* is the proper action to recover back money paid by mistake. Hanson v. Jones, 20 Mo. App. 595; Elsworth Coal Co. v. Quade, 28 Mo. App. 421; Davis v. Krum, 12 Mo. App. 279. (7) The granting of a new trial because of newly discovered evidence rests for the most part with the trial judge and any doubt as to whether his discretion has been soundly exercised is to be resolved in his favor. Blake v. Ins. Co., 133 Mo. App. 16. (8) One asking for a new trial upon the ground of newly-discovered evidence must show that he has used due diligence and his motion must set forth the evidence. King v. Gilson, 206 Mo. 264, 279; Winn v. Grier, 217 Mo. 420, 461.

REYNOLDS, P. J.—The petition in this case charges that defendant, at a day named, was the owner of fifteen shares of the capital stock of the Jenneman-Bucher Retail Liquor Company; that on that date, defendant entered into a contract with plaintiff whereby he agreed to sell to plaintiff the fifteen shares of capital stock, "at and for its book value, which was then and there ascertained and agreed between the plaintiff and defendant to amount to the sum of three thousand, three hundred and sixty-one dollars and thirty-one cents." Averring that defendant duly delivered and assigned these shares of stock to plaintiff, it is averred that on the day mentioned

plaintiff paid to defendant "through a mistake and error upon his part, the sum of four thousand three hundred and thirty-four dollars and eighty-one cents as payment in full for said shares, instead of the said agreed sum of three thousand three hundred and sixty-one dollars and thirty-one cents, whereby plaintiff, by reason of said error and mistake, paid to said defendant the sum of nine hundred and seventy three dollars and fifty cents in excess of the sum agreed to be paid for said shares of stock." Averring demand for repayment of this sum as soon as plaintiff discovered this error and mistake, and refusal of defendant to refund, plaintiff demands judgment for this amount with interest and costs.

The amended answer upon which the case was tried admits that, prior to the date named, defendant was the owner of fifteen shares of the stock of the company, and that on or about that date defendant delivered and assigned these shares to plaintiff and plaintiff paid defendant therefor the sum of $4334.80. Every other allegation in the petition is denied generally.

The trial was before the court, a jury having been waived. At its conclusion the court found for plaintiff, rendering judgment for the amount claimed and interest. Filing motions for new trial and in arrest as well as amended motions, all however filed within due time, and excepting to the action of the court in overruling them, defendant has duly appealed.

There is evidence in the case tending to prove that plaintiff and defendant were doing business under the name of Jenneman-Bucher Retail Liquor Company, which was a corporation with a paid up capital of $3000, each of the parties, plaintiff and defendant, owning fifteen shares of the total capital stock, although one share actually owned by Jenneman appears to have been in the name of his son. The defendant was the president of the concern, having

charge of its sales. Plaintiff was the secretary and treasurer and attended to the buying for the concern and apparently kept its books, looked after its accounts, was its financial manager. Difficulty having arisen between these two parties, Jenneman proposed that one or the other draw out, selling his stock, fifteen shares, to the other. For the purpose of arriving at the value of the assets of the concern, Jenneman employed a gauger to measure up the liquors in stock. He also appears to have been the active party in arriving at the value of the other articles and in stating the financial condition of the concern, but there is evidence tending to show that his figures were all submitted to defendant and gone over by both of them. The result of this was that Bucher's share, that is, the value of his fifteen shares, as evidenced by the stock on hand, was figured at $2387.81. In addition to stock on hand it appears that there belonged to the concern evidences of debt or accounts for monies loaned out by the concern to different parties, amounting to $1947. In arriving at the value of the interest of Bucher this whole amount of $1947 was added to Bucher's one-half interest in the stock, etc., that is to say, added to the $2387.81. According to this, Bucher's interest was figured at $4334.81. It appears that Jenneman was the party who made this mistake, but it is very clear from the evidence that both parties acceded to the trade on the basis of this mistake. Having thus arrived at the value of Bucher's interest, and Bucher saying he was unable to buy out Jenneman and was willing to sell on that valuation and for that sum, Jenneman agreed to buy at those figures, that is, $4334.81, and gave Bucher his check for that amount, which Bucher accepted and apparently cashed. Sometime afterwards plaintiff Jenneman discovered the mistake that had been made in giving Bucher credit for the whole of the money loaned out, that is, for the $1947, instead of for only one-half of this amount, that

is to say $973.50. It is to recover this amount as an overpayment that this action was brought.

It is earnestly insisted by counsel for appellant that the burthen of proof being upon plaintiff, it was incumbent upon him to sustain the allegations of his petition by the preponderance of the evidence, and that this, it is submitted, he has absolutely failed to do. Inasmuch as the learned trial judge, acting as trier of fact, found for plaintiff, we must assume that his finding is correct, if sustained by substantial evidence. The weight or preponderance of the evidence is for his sole determination. This disposes of the first point made by counsel for appellant.

The second point made by those counsel is on the rulings of the trial court on the evidence. The principal error upon which this rests is that the court allowed leading questions to be asked. That is so much a matter within the discretion of the trial court that, unless there is a flagrant violation of the rule against asking leading questions, and that to the injury of the party objecting we will not interfere with the exercise of that discretion. We find no such abuse of the discretion here.

Complaint is also made of the action of the trial court in excluding from evidence a certified copy from the office of the Secretary of State of the report of the Jenneman-Bucher Retail Liquor Company for the year 1908, made by plaintiff, it being stated that it was offered for the purpose of impeaching the witness in his testimony as to the value of the stock of that company. This was objected to on the ground that it was neither competent nor relevant to the issues in the cause, and the objection sustained. We might dispose of this by remarking that the certificate is not in the abstract of the record. That absent we cannot pass upon either its materiality or competency. This on the settled rule that if error is assigned to the exclusion of evidence offered, that evidence or its sub-

stance must be included in the record. All that appears as to this certificate is that it is the report of the Jenneman-Bucher Retail Liquor Company for the year 1908, made by Theodore Jenneman and was offered for the purpose of impeaching his testimony as to the value of the stock. Whether it did that, or even tended to do it, in the absence of the certificate, is a matter impossible for us to determine. The presumption always is in favor of correct action on the part of the trial judge, absent a showing to the contrary. Apart from that, under the issues made by the pleadings, we are unable to see the relevancy of the certificate as showing the value placed upon the stock by Jenneman at the time he made it.

It is further assigned as error and as a reason why the judgment in this cause should be reversed, that there is no account stated, nor any averment that defendant agreed to pay, or, more correctly speaking, to repay the money, it being here argued that the real value of the stock had become material and that error was committed in excluding testimony as to the value of the good will of the concern, as that was an asset which should have been included. We cannot agree with counsel on either of these propositions. This petition, liberally construed, as it must be after judgment in support of the judgment, is a good petition for money had and received, which *ex aequo et bono,* defendant was bound to pay back to plaintiff. The amended answer upon which the case was tried admitted the receipt of the money but denied liability to make repayment. That is all that is in the answer and that was the only issue. Here was no attempt to open up the valuation of the asset or impeach the transaction. On the contrary, defendant stood by it and insisted on it as a closed transaction. So that the value of the good will was not involved and could not enter into consideration. An averment of a promise to pay was immaterial. Under the case pleaded the law would

imply that promise, and a demand and refusal being averred, the cause of action was properly stated. This does not purport to be an action on an account stated and was not tried on any such theory.

It is further assigned by counsel for appellant that there can be no recovery in the case because there was no mutuality of mistake. It is true that the petition alleges that the mistake made was by plaintiff and that it does not allege a mutual mistake. If any objection had been made at the trial to the sufficiency of the petition on this score and that objection have been properly saved if overruled, there might be something in this point. But the case was tried on both sides on the question as to whether there had been a mutual mistake; there was evidence strongly tending to prove a mutual mistake. The finding of the trial court clearly was made on the theory of a mutual mistake, and judgment went for plaintiff. After judgment, this petition is sufficient.

But it is said that as set out in the petition the agreement was to sell the stock "at its book value," and that there is no "book value" shown. This is more a play on words, than a substantial criticism. Moreover, the evidence tends to show that the stock was purchased on what was assumed to be its invoice value —and that is its book value—no other value being given—whether formally carried on the books of the concern or not. That this value was written out in the form of account was in evidence. The schedule of accounts, properly grouped, is in the record. The mistake clearly appears, namely, that defendant was given credit and plaintiff charged with the whole of the amount of money loaned out by the concern, instead of being credited with one-half of that amount, which was all to which either was entitled. To repeat, it is clear that there is evidence justifying the finding of the court that the overpayment by plaintiff to defendant was the result of a mutual mistake. Each

of the parties was attempting to arrive at the "book value" of the assets of their concern, and the purchase and sale was to be made on that basis.

As before stated, there was an amended motion for a new trial. One of the grounds of that was that material evidence had been discovered by defendant after the end of the trial and after the finding and judgment. That newly discovered evidence, when we examine the affidavit accompanying this amended motion for new trial, is to the effect that while Jenneman was secretary and treasurer of the concern and as such in sole charge of its money transactions, he had paid out moneys of the concern for his private account, for which he should have been charged, and so the value of the stock included, it being claimed that if a new trial was granted defendant would interpose a counterclaim and introduce evidence in support thereof. The court rejected this offer and overruled the motion for new trial and, as we think, in so acting committed no error. Testimony of that kind might have been introduced under a counterclaim but there is no pretence whatever of any counterclaim being interposed here. In point of fact, as we have already stated, the answer as amended was a general denial except as to the fact of the reception of the money. At the trial defendant undertook to prove that he had sold out his stock for a lump sum, irrespective of any appraisement or valuation. This new claim, as well as that made concerning the value of the good will, was directly antagonistic to any such position. Parties are not permitted to blow hot and cold. To avail himself of newly discovered evidence it must appear that it was within the issues. We know of no case in which it has ever been held that newly discovered evidence is a ground for a new trial, when it relates to a matter not included within the issues joined and on trial before the court.

We are asked to impose ten per cent statutory damages as for a vexatious appeal. We do not think that the case warrants any such action.

Finding no reversible error, the judgment of the circuit court is affirmed. *Nortoni* and *Allen, JJ.,* concur.