(June 29, 1917.)

## ST. REGIS LUMBER COMPANY, a Corporation, Respondent, v. THE TURNER LUMBER & MANUFACTURING COMPANY, LIMITED, a Corporation, Appellant.

[166 Pac. 254.]

Contract of Sale — Breach by Vendee — Damages — New Trial— Newly Discovered Evidence.

   1.   Where, under the provisions of a contract of sale, the goods are to be manufactured by the vendor, the measure of damage for a breach of the contract by the vendee is the difference between the contract price and the cost of manufacture and delivery.

   2.   The action of the trial court in denying a motion for a new trial on the ground of newly discovered evidence is not error when the affidavits, filed in support thereof, disclose that such evidence relates to matters not embraced within the issues or is cumulative to that introduced at the trial.

   [As to measure of damages for breach of executory contract, see note in 42 Am. Dec. 48.]

APPEAL from the District Court of the First Judicial District, for Shoshone County.   Hon. William W. Woods, Judge.

Action for breach of contract.   Judgment for plaintiff. *Affirmed.*

James A. Wayne, for Appellant, cites no authorities.

Charles E. Miller, for Respondent.

"An appellate court will not disturb the judgment of a trial court, because of conflict in the evidence where there is sufficient proof, if uncontradicted, to sustain it." (*Darry v. Cox,* 28 Ida. 519, 155 Pac. 660; *Jensen v. Bumgarner,* 28 Ida. 706, 156 Pac. 114; *Jones v. Vanausdeln,* 28 Ida. 743, 156 Pac. 615; *Wolf v. Eagleson,* 29 Ida. 177, 157 Pac. 1122; *Little v. Little,* 29 Ida. 292, 158 Pac. 559.)

Where profits are sufficiently certain, or where they were in contemplation of the parties when making the contract, or where by evidence they may be shown with reasonable certainty and their loss results from defendant's breach of contract, they may be allowed against him.   (14 M. A. L. 30; *Allison v. Chandler,* 11 Mich. 542; *Chapman v. Kirby,* 49 Ill. 211; *Griffin v. Colver,* 16 N. Y. 489, 69 Am. Dec. 718; *Dennis v. Maxfield,* 10 Allen (92 Mass.), 138; *Dibol v. Minott,* 9 Iowa, 403; *Brown v. Hadley,* 43 Kan. 267, 23 Pac. 492; *Lee v. Briggs,* 99 Mich. 487, 58 N. W. 477; *Cincinnati S. L. Gas Co. v. Western S. L. Co.,* 152 U. S. 200, 14 Sup. Ct. 523, 38 L. ed. 411; *Anvil Mining Co. v. Humble,* 153 U. S. 540, 14 Sup. Ct. 876, 38 L. ed. 814; *Skagit Railway & Lbr. Co. v. Cole,* 2 Wash. 57, 25 Pac. 1077; *Federal I. & B. Bed. Co. v. Hock,* 42 Wash. 668, 85 Pac. 418.)

MORGAN, J.—This action was commenced to recover for an alleged breach of a written contract wherein it was provided, among other things, that respondent should saw and deliver to appellant one million feet of spruce lagging, to be cut in such dimensions as the latter might indicate, at the price of $10 per thousand feet.

Respondent introduced evidence to prove that on or about August 19, 1914, after it had delivered 621,344 feet of lag-

ging, appellant refused to order or to indicate the dimensions of any more and that by such refusal it has been damaged in the sum of $1,135.96, which sum is an estimated profit of $3 per thousand upon the 378,656 feet remaining undelivered. A jury was waived and the court made findings and rendered judgment in respondent's favor for $1,135.07. Appellant moved for a new trial, which was denied, and it has appealed from the judgment and from the order denying its motion for a new trial.

Appellant contends that it was the understanding of the parties that the delivery of the lagging was to be made at such times as it found a market for the same at the mines in the Coeur d'Alene mining district. This is disputed by respondent and certainly nothing contained in the contract can be construed to be an expression of such an agreement. Upon the contrary, that document provides, with respect to the delivery of the timber, as follows: "Said lagging to be cut in lengths and dimensions designated by the party of the second part (appellant), and to be shipped as sawed by the party of the first part (respondent)." The finding of the trial court that appellant committed a breach of the contract by its refusal to order the lagging and indicate the dimensions into which it should be cut is fully sustained by the evidence.

The contract also provides that during the time of its existence respondent should sell no lagging in the Coeur d'Alene mining district and, appellant contends, this provision was violated. There is conflict in the testimony upon this point, but the evidence is ample to sustain the finding of the trial court that no breach of the contract was committed by respondent.

Appellant contends that respondent found a market for its lagging in an amount equal to, or in excess of, the contract price and that it, therefore, suffered no damage by reason of the breach of the contract, if a breach occurred.

The record discloses that by reason of appellant's refusal to designate the dimensions into which the lagging should be cut and to give orders for its shipment, respondent was forced to shut down its mill from August 20th to December 1, 1914.

The evidence does not show, and it is not fair to indulge the presumption, that had appellant not breached the contract respondent would have been unable to find a market for its product after the terms thereof had been fully complied with.

As a general rule the measure of damage in case of breach by the vendee of a contract of sale is the difference between the contract price and the market value of the property, but where goods are produced and manufactured by the vendor, the measure of damage is the difference between the contract price and the cost of manufacture and delivery. (*American Bridge & Contract Co. v. Bullen Bridge Co.*, 29 Or. 549, 46 Pac. 138; *Upstone v. Weir*, 54 Cal. 124; *Hale v. Trout*, 35 Cal. 229; *Ahlers v. Smiley*, 163 Cal. 200, 124 Pac. 827; 35 Cyc. 595.)

Respondent produced evidence showing the cost of production and delivery of lagging and that the contract price was $3 per thousand feet in excess of such cost. The trial court found accordingly and in so doing adopted the correct measure of damage.

In support of the motion for a new trial certain affidavits were filed showing newly discovered evidence which could be produced upon behalf of appellant. This evidence would be largely cumulative and the rule is well established that its discovery is not ground for a new trial. The affidavits further disclose that evidence has been discovered since the trial tending to show that a provision in the contract to the effect that the lagging in question should be of a grade and quality that would be accepted by the mine owners of the Coeur d'Alene mining district had not been conformed to by respondent and that an inferior grade, which such mine owners would not accept, had been furnished.

It is alleged in the fourth paragraph of the first cause of action, stated in the complaint, that between the date of the execution of the contract and September 1, 1914, respondent sawed and delivered to appellant 621,344 feet of spruce lagging of the quality required under said contract, and paragraph four of the answer is as follows: "Defendant admits the allegations contained in paragraph four of plaintiff's first

cause of action." The matter offered to be proved relative to the quality of the lagging, in the event a new trial was granted, was not responsive to any issue framed by the pleadings, and the motion for a new trial was properly denied.

The judgment is affirmed. Costs are awarded to respondent.

Budge, C. J., and Rice, J., concur.