**PATTESON v. MYERS et ux.**

No. 25975.   Nov. 1, 1938.

William J. Crowe and Twyford & Smith, for plaintiff in error.

Arthur H. Dolman, for defendants in error

WELCH, J.   Plaintiffs, Lee Myers and Mayme Myers, husband and wife, resided upon the two resident lots here involved, and claimed fee-simple title thereto by warranty deed from their immediate grantor, Harris. After plaintiffs had so held and occupied said premises for some time, plaintiffs brought this action to quiet title, joining as defendants their immediate grantor and several other persons whose names appear in the chain of title, and predicating their title on their immediate deed from Harris.

Various defendants appeared and filed pleadings, but this appeal only involves the controversy between the plaintiffs and one of the defendants, Buford M. Patteson, so that we need only notice the contentions of these parties as against each other. That defendant filed answer claiming to own the premises, and specifically alleging that a certain quitclaim deed appearing in the chain of title recorded six years theretofore and purporting to have been executed by him was in fact a forgery. That defendant further alleged that the plaintiffs' title was based upon a resale tax deed executed and recorded some nine years theretofore, and defendant alleged that said resale tax deed was void and voidable for ten specific reasons, numbered and alleged in detail.

Plaintiffs' reply to that answer admitted the execution and delivery of the quitclaim deed and of the resale tax deed appearing of record in plaintiffs' chain of title, but speci-

fically denied that the quitclaim deed was a forgery or that the resale tax deed was void or voidable, and specifically pleaded the bar of the statute of limitations.

At the time this suit was filed the plaintiffs and their grantors in the chain of title had held exclusive possession and resided upon the premises for about nine years, and the defendant Patteson had not seen the premises or exercised any control of the premises in person or by agent for about 13 years, and the property was sold for delinquent taxes 12 or 13 years before the commencement of this action, at the annual tax sale, the annual tax sale being followed by resale, which was the basis of the resale tax deed attacked by the defendant Patteson and alleged to be void for the ten specific reasons asserted in his answer. Upon trial the defendant Patteson testified that he did not execute the quitclaim deed, and that he resided in Texas at the time the quitclaim deed was purported to have been executed in Oklahoma City, and was not in Oklahoma at or even near that time. He also presented testimony of his neighbors in Texas who knew him there and did not observe his absence from his home there at or about the date of the execution of the quitclaim deed six or seven years theretofore. The plaintiffs apparently had no personal knowledge of the execution of the quitclaim deed appearing back in their chain of title and they introduced no counter evidence as to the execution of that deed. It appears to have been their position that the title of Patteson had been effectively extinguished by the resale tax deed some three years prior to the date of the quitclaim deed. And the finding of the trial court that the quitclaim deed was not executed by the defendant Patteson is not sought to be reviewed.

At the conclusion of the trial the trial court found that the plaintiffs' title as based upon the resale tax deed was valid and perfect, that plaintiffs and their grantors had been in possession of the real estate since the recording of that deed nine years and seven months before the commencement of this action; that said deed is regular on its face and that no jurisdictional defects were shown to exist in connection with the deed; that the resale deed extinguished the title of the defendant Patteson, and that defendant was barred by the applicable statute of limitations from any recovery.

In his motion for new trial the defendant Patteson alleged newly discovered evidence as a ground for new trial, and the assignment of error based thereon will be considered later. We will first notice contentions of the defendant alleged in his answer and presented here in his effort to show that the resale tax deed is void.

It is urged that the resale deed was void because it was prematurely issued. Upon that point the fact is that the treasurer executed this deed after the land involved had been sold at the resale, but before the treasurer had sold all of the other tracts of land in the county which he had advertised to be sold at the same sale. This contention has been decided adversely in Reeves v. Caldwell, 179 Okla. 501, 66 P.2d 75, and Davis v. Farriss, 180 Okla. 125, 68 P.2d 417. We adhere to that rule upon this point and hold that the trial court committed no error in denying this contention of invalidity of the deed.

It is also urged that the resale deed is void on its face because it does not recite that the land involved was legally liable for taxation. In our former decisions in Hatchett v Going, 121 Okla. 25, 246 P. 1100, McGrath v. Rorem, 123 Okla. 163, 252 P. 418, and Reeves v. Caldwell, supra, this court upheld resale tax deeds which did not contain such recitations The effect of those decisions is to hold that such specific recitation is not essential to the validity of such a tax deed on its face. In the last-cited case we specifically overruled two former decisions in so far as language therein used might indicate a contrary determination. We now adhere to the conclusion of the above-cited cases, and find that the trial court did not err in this case in denying this contention of the defendant.

Defendant urges that this deed is void on its face because it does not show the date and place of the original annual tax sale by proper deed recitation. We find that the deed sufficiently recites the day of the original sale, but does not expressly recite that the sale was made in the office of the county treasurer. The deed further recites in minute detail the day and place of the resale, and as to the original annual tax sale, the deed contains sufficient other recitations. This exact question arising upon a deed in quite similar, if not identical, form was before this court in Reeves v. Caldwell, supra. We there held that the absence of such specific recitation did not of itself render the deed void on its face We adhere to that rule, and accordingly hold that the trial court committed no error in denying this contention of invalidity of the deed.

Other contentions of invalidity of the tax deed were alleged in defendant's answer, but are not in any manner presented here. This disposes of all of the contentions of invalidity

which were presented in defendant's answer and which are presented here.

The remaining question of newly discovered evidence was presented in the trial court in the following manner only. The motion for new trial requested that the judgment be set aside and a new trial granted "for the following reasons materially affecting the substantial rights of said defendant, to wit," which was followed by eight numbered paragraphs, one of them reading as follows:

"Seven: On account of newly discovered evidence which the said defendant could not with reasonable diligence have ascertained and produced at the trial of said action"

When that motion for new trial came on for hearing, seven months after its filing, the defendant tendered and presented and introduced, over plaintiffs' objections, an ex parte affidavit of one of the deputy county clerks which tended to show from an examination of the county records of twelve years prior thereto that the person who purported to take the acknowledgment of the county treasurer to the resale tax deed was not a notary public on the date the acknowledgment was purportedly taken. The motion for new trial was generally overruled, and it is not disclosed whether this paragraph was overruled for lack of any showing of diligence or because not within the specific issues raised against the deed, or because this contention of invalidity of the deed was raised too late.

However, the record clearly shows that this tax deed and the certificate of acknowledgment thereon, and all of the other matters of record mentioned and referred to in the ex parte affidavit, had been fully of record in the county clerk's office for more than ten years before the trial of this case, and for more than eleven years before the motion for a new trial was presented to and passed upon by the court. No showing of diligence or prior effort to ascertain these record facts was made, and surely with the slightest diligence the defendant could have obtained and presented this evidence at the trial if he had desired to do so. This court has repeatedly held that a motion for new trial on this ground may be denied for lack of showing of diligence.

In Hobbs v. Smith, 27 Okla. 830, 115 P. 347, it was held in the fourth paragraph of the syllabus as follows:

"Where, from the face of a motion for new trial on the ground of newly discovered evidence, as well as from all of the facts in the case, it is manifest that movant had failed to exercise reasonable diligence to secure the alleged newly discovered evidence in time for the trial, and which it is reasonably apparent could have been secured, had proper diligence been exercised, the denial of a motion for new trial based on this ground is not error."

And it was said in the body of the opinion:

"It must appear further that due diligence had been exercised by the movant to discover the same in time and negative fault on the part of such movant"

And it was further said:

"General averments as to due diligence are not sufficient. The facts should be set out and negative fault on the part of movant."

That language is particularly applicable to this case because the motion for new trial and affidavit together show on the face that this evidence could have been secured before trial with proper diligence.

In Magnolia Petroleum Co. v. McDonald, 168 Okla. 255, 32 P.2d 909, this court held in the first paragraph of the syllabus:

"Before a new trial should be granted on the ground of newly discovered evidence, due diligence prior to the trial in respect to such evidence must be shown; and to this end it is not sufficient for the moving party to merely allege that he used due diligence, but he must show the facts, so that the court can see whether there was due diligence."

That statement is particularly applicable to this case because here there was no showing or statement of diligence except the general statement contained in the seventh paragraph of the motion for new trial.

In Inter-City Finance Corporation v. McGowan, 174 Okla. 22, 49 P.2d 698, this court held in the second paragraph of the syllabus as follows:

"To obtain a new trial on the ground of newly discovered evidence which could not with reasonable diligence have been discovered before trial, it is not sufficient for the movant to merely allege due diligence; he must allege and prove facts evidencing such diligence"

And in the body of the opinion the court, speaking through Mr. Justice Phelps, said:

"* * * This is not so much newly discovered evidence as it is a newly discovered idea, which idea should have occurred to the defendant before the trial of the case. It is not sufficient for the movant to allege due diligence, for that is but a conclusion. He should allege and prove facts evidencing such diligence. Magnolia Petroleum Co. v. McDonald, 168 Okla. 255, 32 P.2d 909."

So in the case at bar the proposition that the validity of the deed might or would be affected by the irregularity in the notary public certificate is "not so much newly discovered evidence as it is a newly discovered

idea, which idea should have occurred to the defendant before the trial of the case."

In Federal Nat. Bank of Shawnee v. Sartin, 114 Okla. 244, 246 P. 617, this court, in the concluding paragraph of the opinion, said:

"We are of the opinion that the evidence relied on, in support of the motion for new trial, was not discovered by the plaintiff since the trial, but conceding that it was discovered since the trial, it was such as could have been easily discovered before the trial by the exercise of due diligence. We therefore hold that the plaintiff was not entitled to a new trial because of alleged newly discovered evidence."

In Parrish v. Nichols, 175 Okla. 251, 52 P.2d 54, it was held in the first paragraph of the syllabus:

"Before a new trial should be granted for newly discovered evidence, due diligence at the time of trial in respect to such evidence must be shown; the failure to make inquiry of persons likely to know the facts shows a lack of diligence."

In Schaap v. Williams, 99 Okla. 21, 225 P. 910, this court used language quite applicable to the affidavit and motion in this case. There it said:

"There is nothing in the affidavit filed from which it can be said that the testimony referred to could not have been discovered before the trial by the exercise of reasonable diligence."

See, also, Bank of Chelsea v. School District, 62 Okla 185, 162 P. 809; Allen v. Meyers (Cal.) 54 P.2d 450; Schoening v. Young (Wash.) 104 P. 132; Hoxsey v. Murray (Wash.) 147 P. 205; Goodrich v. Kimble (Wash.) 95 P. 1084; Stolz v. Scott (Idaho) 154 P. 982; Montgomery v. Gray (Idaho) 144 P 646, and Grafton v. Ball, 149 N. Y. S. 447.

This court seems not to have heretofore considered a case where the alleged newly discovered evidence was something shown by a public record kept by a public official and which had been so legally recorded since long before the trial of the case in which it was desired to present that evidence. On that point, however, the courts of some jurisdictions have spoken.

In Greenlees v. Chezik (Colo.) 190 P. 667, it was held in the ninth paragraph of the syllabus:

"Alleged newly discovered evidence, consisting of public records of which a party had presumptive knowledge and of which by the exercise of diligence he might have had actual knowledge, etc, will not warrant new trial."

And in the body of the opinion it was said, as to the evidence offered, that:

"Moreover it consists of public records of which Greenlees had presumptive knowledge, and of which, by the exercise of diligence during the trial, he might have had actual knowledge. 29 Cyc. 885; Weimer v. Lowery, 11 Cal. 104-113."

In Anderson v. Bauer et al. (Wash.) 208 P. 259, it was held in the second paragraph of the syllabus as follows:

"Newly discovered evidence, which is a matter of public record, is not sufficient ground for granting a new trial."

In Edwards v. Powell (Wash.) 210 P. 7, it was held in the sixth paragraph of the syllabus as follows:

"Where affidavits to support a motion for new trial for newly discovered evidence were made in part to meet a deposition of deceased plaintiff, which had been on file and accessible for approximately two years prior to trial, the motion was properly denied."

In Kennon v. Miller (Tex. Civ. App.) 143 S. W. 986, it was held that tax records were not newly discovered evidence to justify sustaining a motion for new trial.

And we have already noticed Grafton v. Ball, 149 N. Y. S. 447, wherein it was held that a defendant who knew that a public record contained evidence in his favor cannot be granted a new trial on the ground of newly discovered evidence contained in the record, where any sort of diligence would have enabled him to produce it at the trial.

It would seem from the answer of the defendant Patteson in this case that he undoubtedly knew that the public record of the resale tax deed showed the certificate of the notary public who took the acknowledgment

This court has repeatedly held that a motion for a new trial on account of newly discovered evidence is addressed to the sound discretion of the trial court, and in the absence of an abuse of such discretion, its action thereon will not be disturbed on appeal. See Missouri, K. & T. R. Co. v. Taylor, 69 Okla. 79, 170 P. 1148; Cook v. Harjo, 118 Okla. 291, 248 P. 651; Marland Refining Co. v. Snider, 120 Okla. 116, 251 P. 989; Eisenbeis v. Crocker, 99 Okla 30, 225 P. 510; Trent v. Richards, 90 Okla. 20, 215 P. 747; Schaap v. Williams, 99 Okla. 21, 225 P. 910.

In Vickers v. Philip Carey Co., 49 Okla. 231, 151 P. 1023, we have the unusual case of the trial court granting a new trial on

newly discovered evidence, which action in this court was found to be an abuse of discretion and to constitute reversible error. The court in that case quoted and approved Hobbs v. Smith, from which we take part of our syllabus, and it is forcefully pointed out in that case that new trials on new evidence are not favored and should rarely be granted where the party has had a full and fair day in court, with fair and reasonable opportunity to make and present and prove his defense It is forcefully pointed out that it is the duty of a party to thoroughly prepare for trial and to be ready before trial.

See, also, Compier v. Thomas, 92 Okla. 112, 218 P. 661; Bride v. Bride, 131 Okla. 176, 268 P. 212; Stolz v. Scott (Idaho) 154 P. 982; Montgomery v. Gray (Idaho) 144 P. 646; Goodrich v. Kimble (Wash.) 95 P. 1084, and In re Dolbeer's Estate (Cal.) 96 P. 266.

Furthermore, we observe that the defendant's answer, although it carefully and in detail presents ten separate objections to the validity of this tax deed, and thereby presents ten specific reasons why the deed should be held void or voidable, it in no manner presents or suggests any invalidity or irregularity in the acknowledgment to the deed or the certificate of the notary public who took the acknowledgment, although this resale deed. which was first mentioned in this case in defendant's answer, and which defendant by his answer specifically sought to avoid and defeat, had been fully of record with the certificate of acknowledgment for more than nine years before the answer was filed.

In 1 C. J. 897, the general rule is stated that "in the absence of a showing to the contrary, it will be presumed that the officer taking the acknowledgment was duly qualified and rightfully acting as such."

In Kline v. Mueller, 135 Okla. 123, 276 P. 200, the second paragraph of the syllabus is as follows:

"Under the elementary principle of presumption that a public official would not do an illegal act, the name of the county shown by the certificate of acknowledgment of a notary public as the county of his appointment must be taken to be true."

In passing we observe that there is some irregularity or discrepancy in dates in the certificate of the acknowledgment to this tax deed. However, it falls far short of any affirmative showing that the individual purporting to act as notary public was not in fact a notary public. Whatever irregularity there is fully appeared of record for many years before the answer and trial of this case. By section 12760, O. S. 1931, 68 Okla.

St. Ann. sec. 452, it is specifically provided that to defeat such a tax deed "it must be clearly pleaded and clearly proven that some one of the above-named six requisites was wholly omitted and not done and a showing that any one or all of them was irregularly done will not be sufficient to defeat the deed."

The plaintiffs, with much apparent merit, urge that if the defendant had properly pleaded and proven this irregularity in the certificate of acknowledgment, the same would not have been sufficient to defeat the tax deed. However, without passing upon that point, we are convinced that defendant did not properly plead this objection to the tax deed nor properly prove it.

Whatever irregularity existed in the certificate of acknowledgment, being clearly shown by the record, could have been pleaded and proven if the defendant had desired to place any reliance upon it Surely, when defendant in his answer referred to the tax deed, he could have admitted its validity, or he had the right to choose the grounds upon which he would assert its invalidity, as he did do. He could have omitted to assert any invalidity of the deed and it would logically follow that he could have omitted any of the claims of invalidity which he did assert and could thereby have waived any ground of invalidity which he did not assert. It would logically follow that as to this so-called irregularity, he either observed it and attached no importance to it, and for that reason omitted it from his answer and thereby waived it, or he neglected to read the certificate of acknowledgment or to notice any irregularity, and for that reason did not include it among the ten other attacks upon the validity of the deed, and thereby must be held to have waived any right to rely on any such irregularity.

At any rate, no irregularity in the acknowledgment or certificate of acknowledgment was in any manner presented as an issue in the case by pleading it in the answer or referring to it in the evidence or in the trial. When a new trial is sought on the ground of newly discovered evidence, it must of course be evidence that is material upon some issue theretofore presented and existing in the case.

On the point that the new evidence must be material to some issue framed by the pleadings, we observe St. Regis Lumber Co. v. Turner Lumber & Mfg. Co., 166 P. 254, 256, where, in the concluding paragraph of the opinion, the Supreme Court of Idaho used this language:

"The matter offered to be proved relative to the quality of the lagging, in the event a new trial was granted, was not responsive to any issue framed by the pleadings, and the motion for a new trial was properly denied."

In Surman v. Cruse (Mont.) 187 P. 890, the court held in paragraphs 13 and 14 of the syllabus as follows:

"Contributory negligence must be pleaded with the particularity required in charging negligence, and evidence in support of contributory negligence not pleaded is not admissible.

"Where the contributory negligence pleaded was the servant's failure to obey orders to make the place safe and his standing in a dangerous position while waiting to begin work, newly discovered evidence that he made an examination to determine the safety of the place was not applicable to the contributory negligence pleaded."

In 46 C. J. 260, the general rule is stated:

"The newly discovered evidence must be competent and relevant under the issues."

And on the following page it is said:

"As a rule the newly discovered evidence must be relevant to the issues already framed."

In 20 R. C. L. page 293, paragraph 75, it is said:

"In order to sustain an application for a new trial on the ground of newly discovered evidence it must appear that such evidence is admissible and material under the pleadings."

"Before a new trial will be granted for newly discovered evidence, it must positively appear that evidence may be produced which is material on the issues determined on the original trial adversely to the moving party. Upton v. Merriman, 133 N. W. 977, 116 Minn. 358, Ann. Cas. 1913B, 491.

"(Mo. App 1914) Newly discovered evidence, material only in case of a counterclaim by defendant, is not ground for a new trial, where the only defense was a general denial. Jennemann v. Bucher, 171 S. W. 613, 186 Mo. App. 179.

"(Neb. 1911) An application for a new trial for newly discovered evidence is properly denied where such evidence is not relevant to the issues. Clemont v. Cudahy Packing Co., 133 N. W. 842, 90 Neb 449."

In Dishman v. Whitney (Wash.) 209 P. 12, it was held:

"Newly discovered evidence on an issue not prominent in the case is not ground for a new trial."

Thus indicating that the trial court might be sustained in refusing new trial where the newly discovered evidence did in fact touch one of the issues presented in the case, if it was not one of the prominent issues. Also, on this point, we observe Coffer v. Erickson (Wash.) 112 P. 643

In that case, as in the instant case, the submission of the new evidence was in effect an attempt to try the case on other or additional issues, and in that case the Washington court held in the eighth paragraph of the syllabus that:

"A party will not be permitted to submit his case on one set of facts and obtain, after verdict against him, another trial on another set of facts known to him at the time of his submission of the case."

We are justified in the instant case in assuming that the defendant Patteson had knowledge of the acknowledgment certificate of the resale tax deed, because it was recorded with the deed and in his answer he made such specific reference to the resale tax deed as to clearly indicate that he saw it and read it before he filed his answer.

We therefore hold that the trial court did not err in overruling the motion for new trial on the ground of newly discovered evidence.

It therefore follows that, when the trial court rendered judgment quieting plaintiffs' title upon the issues and evidence presented by the pleadings and the trial, the trial court did not err; and that the trial court did not err in thereafter overruling the motion for a new trial. The judgment of the trial court is affirmed

OSBORN, C. J., BAYLESS, V. C. J., and PHELPS and CORN, JJ., concur. DAVISON, J., concurs in conclusion. HURST, J., dissents. RILEY and GIBSON, JJ., absent.

HURST, J. (dissenting). I am of the opinion that this resale tax deed is void on its face because it omits two recitals, namely, (a) the place of the original sale, and (b) that the land was legally liable for taxation, and that instead of following, we should overrule, Reeves v. Caldwell (1937) 179 Okla. 501, 66 P.2d 75. Prior to that decision, this court had been consistent in its decisions as to the necessary recitals for the various forms of tax deeds.

It must be borne in mind that a resale tax deed is based upon two sales: (a) The original sale, at which the county is an in-

voluntary purchaser and secures only a tax lien; and (b) the second, or resale, at which the county forecloses its tax lien and vests in the purchaser full title. The statutes governing each sale are separate and distinct. A resale deed should contain some recitals as to each sale, and it is for the Legislature to prescribe what those recitals shall be. The Legislature has done so and has amended the statute from time to time (section 6033, St. 1903; S. L. 1909, page 611; sec. 7412, R. L. 1910; sec. 9746, C. O. S. 1921; sec. 12756, O. S. 1931). Thus, in 1921, at the time of the resale involved in this case was had, the statute (sec. 9746, C. O. S. 1921) provided that such resale deed "shall contain a summary statement of the matters and proceedings of such resale". This statute had to do only with the recitals as to the resale, and was silent as to the recitals pertaining to the original sale; but there was a statute (sec. 9752, C. O. S. 1921), which had been in force since Territorial days, prescribing the form of deed based upon the original sale. In 1923 this court held in Cochran v. Sullivan, 94 Okla. 23, 220 P. 870, that these two statutes must be construed together, and that we must look to the form statute for the necessary recitals showing a valid first sale, and to section 9746, C. O. S. 1921, for the necessary recitals showing a valid resale. In Treese v. Ferguson (1925) 120 Okla. 235, 251 P. 91, this court followed the Cochran Case and stated what recitals will be sufficient to show a valid second or resale. For many years, and until 1937, when Reeves v. Caldwell was decided, these cases were followed, and it was repeatedly held that unless such a resale deed, based upon a sale held while section 9746, C. O. S. 1921, was in force, contained each of the recitals of the form deed applicable to a resale deed, it would be held void. These decisions are based upon the sound rule of law that the legislative determination of the necessary recitals in a tax deed are mandatory and that the court has no right to add to or take from such recitals or to hold that any one of them is not necessary. Felt v. Schaub (1928) 134 Okla. 193, 272 P. 830; Treese v. Ferguson, supra; Cheney v. Cox (1927) 125 Okla. 108, 256 P. 755; Eldridge v. Robertson (1907) 19 Okla. 165, 92 P. 156; Kramer v. Smith (1909) 23 Okla. 381, 100 P. 532; Turman v. Ingram (1921) 83 Okla. 198, 202 P. 993; Dixon v. Bowlegs (1923) 93 Okla. 47, 219 P. 665; Cochran v. Sullivan, supra; Price v. Mahoney (1935) 175 Okla. 355, 53 P.2d 257; Cooley on Taxation (4th Ed.) secs. 1478, 1550, 1551; 61 C. J. pp. 1340 and 1341;

Conners v. City of Lowell (Mass.) 95 N. E. 412, Ann. Cas. 1912B, 627; Beggs v. Paine (N. D.) 109 N. W. 322; Henderson v. De Turk (Cal.) 128 P. 747; Hopkins v. Scott (1885) 86 Mo. 140.

"The language of the statute is mandatory in its terms and tenor, and has not been complied with in this respect, so far as the lot in question is concerned as shown by the face of the deed. * * * Where, as in this case, the statute prescribes the substantial form of an instrument by which property shall be conveyed, it cannot be conveyed by an instrument which does not recite the existence of the facts required. Nor can we go behind the deed to prove the existence of facts which should have been set forth in it. The liberal construction with regard to tax proceedings required by section 5667 of the statute, does not go to the extent of authorizing or directing the court to read into a tax deed a necessary provision which has been omitted therefrom by the official executing it, because such fact may be or has been proven to exist, and by so doing declare a deed to be valid which does not conform to the requirements of the statute. A liberal construction would, we think, require the court to declare an instrument valid where words are used declaring facts to exist which are equivalents of the statutory requirements. But in this case a compliance with the provisions of the statute which requires a tax deed to set forth the amount for which the property was sold, is entirely wanting, and there is, therefore, no room for a liberal construction to sustain the validity of the instrument." Lowenstein v. Sexton (1907) 18 Okla. 322, 90 P. 410.

"A statute prescribing a particular form must be followed substantially, and recitals required by law must not be omitted or the deed will be void." Cooley, Taxation (4th Ed.) sec. 1478.

"It is well-settled law that where the statute prescribes the form of a tax deed, even though it requires only a substantial conformity thereto, a deed which omits to show any one or more of the facts which the statutory form should disclose, is void. This is so, because the statute, by prescribing the form, has thereby made every fact recited in the form a matter of substance." Beggs v. Paine, supra, 109 N. W. 323.

"It has uniformly been held in this state that a tax deed which misrecites or omits to recite any one of the facts required by the statute to be recited has no effect at all as a conveyance, the theory being that it is competent for the Legislature to prescribe the form of instrument which, as the result of a proceeding in invitum, can alone divest the citizen of his title, and that, where the statute prescribes the particular form of the tax deed, the form becomes substance, and

must be strictly pursued. and it is not for the courts to inquire whether the required recitals are of material facts or otherwise." Henderson v. De Turk, supra.

"The Legislature has required a certain fact to be substantially stated, which, in this case, has not been done, and we are not authorized to eliminate from the statute a recital which the Legislature has declared the deed must substantially contain, nor are we authorized to say that this or that recital, required to be stated substantially in a tax deed, is unnecessary and immaterial, but must, on the contrary, presume that the Legislature deemed all the recitals which it required to be set out, material." Hopkins v. Scott, supra.

On April 9, 1923, the statute as to the necessary recitals in a resale deed was amended so as to require that such a deed "be upon a form to be prescribed by a State Examiner and Inspector". See section 12756, O. S. 1931 (68 Okla. St. Ann. sec. 415). In Hatchett v. Going (1926) 121 Okla. 25, 246 P. 1100, this court decided what recitals would be sufficient to sustain a deed under this statute. The Hatchett Case 'has been consistently followed except as it was restricted in Mahoney v. Estep (1934) 171 Okla. 101, 38 P.2d 537, and is now a rule of property.

Thus for the necessary recitals of a resale deed based upon a sale held in 1921, we look to Cochran v. Sullivan, Treese v. Ferguson, and cases following those decisions, and sections 9746 and 9752, C. O. S. 1921; while for the necessary recitals in a resale deed based upon a resale held since April 9, 1923, we look to Hatchett v. Going, Mahoney v. Estep, and cases following those decisions, and section 12756, O. S. 1931. The statutes construed in the two lines of decisions are different, and until the decision in Reeves v. Caldwell was rendered, it was not thought that there was any conflict between them. I am convinced there is no such conflict.

Since we are committed to the rule that a resale deed based upon a sale held in 1921 must contain the recitals of the form deed in so far as they are applicable to a resale deed, the question arises: What recitals are applicable to such a deed? The answer to this question should be based upon some sound legal principle and not upon our arbitrary determination based upon no substantial reason. I think this question can best be answered by examining the form deed and eliminating the recitals therein that are not applicable to a resale deed, and the remaining recitals should be held applicable. Obviously, a tax deed should recite the truth, and it should contain enough recitals to show valid action. Magill v. Martin (1874) 14 Kan. 67.

We then come to the statutory form for certificate tax deeds, which, in so far as its recitals are concerned, is as follows (the paragraphing and figures in parentheses being my own for the purpose of subdividing into logical recitals):

(1) Whereas, A. B., on the _____ day of _____, A. D. _____, produced to the undersigned C. D., treasurer of the County of _____ in the State of Oklahoma, a certificate of purchase of writing bearing the date of the _____ day of _____ signed by E. F., who at the last mentioned date was treasurer of said County,

(2) from which it appears that

    (a) A. B. did on the _____ day of _____,

    (b) purchase at public auction,

    (c) at the office of the county treasurer in the court house in said county,

    (d) the tract, parcel or lot of land lastly in this indenture described, and which tract, parcel or lot was sold to _____

    (e) for the sum of _____,

    (f) being the amount due on the following tract or lot of land,

    (g) returning (sic) delinquent for non-payment of taxes, costs and charges

    (h) for the year _____, to-wit: (Here insert a description of the land offered for sale)

(3) and it appearing that the said A. B. is the legal owner of said certificate of purchase,

(4) and the time fixed by law for redeeming the land therein described having now expired

(5) and the same not having been redeemed as provided by law

(6) and the said A. B. having demanded a deed for the tract of land mentioned in said certificate,

(7) which was the least quantity of the tract above described that would sell for the amount due thereon for taxes, costs, and charges, as above specified,

(8) and it appearing that said lands were legally liable for taxation,

(9) and had been duly assessed

(10) and properly charged on the tax book or duplicate

(11) for the year _____

(12) and that said lands had been legally advertised for sale for said taxes

(13) and were sold on the _____ day of _____.

It is apparent that the first recital is not applicable to resales, for the reason that no certificate of purchase is issued to the county and, consequently, it cannot be produced.

The second recital is only partly applicable. Subdivision (b) thereof is inapplicable because the county cannot purchase at "public auction." It has no right to purchase in a case where there is another bidder offering the amount due. Recitals 2 (a) and 2 (b) should be rewritten to show the facts and right of the county to purchase. Wade v. Crouch (1904) 14 Okla. 593, 78 P. 91; Hill v. Turnverein Germania of Oklahoma City (1920) 77 Okla. 242, 187 P. 920; Kramer v. Smith, supra; 61 C. J.

1346; Cooley, Taxation (4th Ed.) sec. 1448. All the remaining subdivisions of the second recital are applicable.

Recital No. 3 is inapplicable because there is no owner of a certificate of purchase.

Recital No. 6 is inapplicable because there is no holder of a certificate of purchase demanding a tax deed.

Recital No. 7 is inapplicable because the county can purchase nothing less than the whole of the property assessed and that for the amount due.

The remaining recitals are applicable and are necessary to show a valid first sale.

Until the decision in Reeves v. Caldwell, this court had never, to my knowledge, held that any one of said applicable recitals based upon a sale held prior to April 9, 1923, was not necessary to the validity of the resale deed. In all the cases passing upon it, the omission of the particular recital was held to render the deed void. Tax deeds have been held to be void for failure to contain the following recitals:

(1) The failure to contain any of the recitals of the form deed. Adams v. Toliver (1923) 91 Okla. 125, 217 P. 851; Adams v. Callander (1923) 93 Okla. 228, 220 P. 344; Gaffney v. First Nat. Bank (1923) 94 Okla. 177, 221 P. 49;

(2) The recital of the amount for which the property was sold. Lowenstein v. Sexton, supra; Sires v. Parriott (1925) 106 Okla. 244, 233 P. 748; Cochran v. Sullivan, supra;

(3) The recital that the land had not "been redeemed as provided by law." Moore v. Baugh (1932) 154 Okla. 158, 7 P.2d 131;

(4) The recital that the taxes were "properly charged on the tax books or duplicates." Felt v. Schaub, supra;

(5) The recital showing the right of the county to purchase. Wade v. Crouch, supra; Hill v. Turnverein Germania of Oklahoma City, supra;

(6) The recital in the certificate tax deed that the certificate of purchase was produced. Felt v. Schaub, supra;

(7) The recital that the land was "legally liable for taxation." Felt v. Schaub, supra; Kirsch v. Tracy (1935) 174 Okla. 489, 55 P.2d 428.

If the absence of any one of the above recitals renders the deed void, as we have held it does, then the omission of any other recital prescribed by the Legislature which is applicable to resales should render the deed void. Though we have no right to inquire into the reason back of the legislative requirements as to recitals in tax deeds, any more than we have to inquire into the reason or wisdom of the statutes relating to the execution or form of wills (In re Abram's Will [1938] 182 Okla. 215, 77 P.2d 101), yet there is a good reason for not requiring the recitals that are not applicable to a resale, since to require them would be to make the deed speak an untruth. But there is no reason for not requiring the recitals which are applicable to a resale tax deed and which speak the truth and show valid action.

I do not mean to say the recitals must appear in the tax deed in the language of the statute, since section 12762, O. S. 1931 (68 Okla. St. Ann. sec 454), requires only a substantial compliance therewith. By a substantial compliance it is not meant that any one of the requirements may be entirely omitted, but that all the required recitals being present, they need not be in the exact language of the statute. The use of language meaning the same as that used in the statute will suffice. The liberal construction enjoined upon us by section 12761, O. S. 1931 (68 Okla. St. Ann. sec 453), does not go to the extent of authorizing us to read into a deed a recital that is not in substance contained therein. Lowenstein v. Sexton, supra. The proper method of determining in each case whether the tax deed substantially complies with the statute is to lay the tax deed alongside the statute and see if each recital prescribed by the statute, and applicable to the particular deed, and which makes it speak the truth, appears in the tax deed by the use of any language meaning the same. If it does, the deed should be held valid; if not, it should be held void. Cheney v. Cox (1926) 125 Okla. 108, 256 P. 755.

By inadvertently failing to observe when the resale was held, the court fell into error in Reeves v. Caldwell. In that case a deed based upon a resale held in 1921 was involved and it was held that the absence of the recitals that the land was "legally liable for taxation," and of the place of the original sale, did not make the deed void on its face. The court assumed that the deed was governed by Hatchett v. Going (1926) 121 Okla. 25, 246 P. 1100, and proceeded on the theory that there was a conflict between the cases of Hatchett v. Going and McGrath v. Rorem (1926) 123 Okla. 163, 252 P. 418, on the one hand, and Felt v. Schaub and Kirsch v. Tracy on the other, and overruled the latter two cases in so far as they held that the recital that the land is legally li-

610

able for taxation is necessary. But an analysis of those cases shows that there is in fact no conflict between them. The resale deed in Hatchett v. Going was based upon a resale held in 1924 after the statute governing Reeves v. Caldwell had been amended. While McGrath v. Rorem dealt with a deed based upon a resale held in 1921, the court based its decision entirely on the case of Treese v. Ferguson, supra, wherein this court approved a deed which did contain the recital that the land was legally liable for taxation. Neither case refers to the failure of the deed to contain the recital now under discussion. A certificate tax deed was involved in Felt v. Schaub and not a resale tax deed, and the court correctly held (following the language of the statute, and the decisions above cited to the same effect) that it must substantially follow the statutory form for such deeds, which contains the recital in question. A resale deed dated in 1920 was involved in Kirsch v. Tracy, which followed prior decisions on the same subject, and thus it appears that the court correctly held that it must contain a recital that the land was legally liable for taxation. The legal effect of the decision in Reeves v. Caldwell, if permitted to stand, will be to cast doubt upon the many decisions holding that the statutory provisions prescribing the form of a tax deed are mandatory, and the failure to substantially comply therewith renders the deed void. The decisions in Felt v. Schaub and Kirsch v. Tracy, are in harmony with the former decisions above cited, and I think we should adhere to the principles therein stated. It is to be regretted that the error was made in Reeves v. Caldwell, but it is our duty now, at the first opportunity, to correct, and not perpetuate, the error.

If the decision in Reeves v. Caldwell is permitted to stand and this court is to decide in each case what recital is and what is not applicable to a resale deed, without fixing a standard by which such determination is to be made, the result will be confusion and the bar and bench will never know what recitals are required.

It may be that the Legislature should have prescribed a shorter and more simple form of tax deed, but we have no right to say so. Our duty is to enforce the law as it has been written.