## MOORE et al. v. BAUGH.

No. 20721. Opinion Filed Jan. 19, 1932.

E. O. Clark, for plaintiffs in error.

Charles S. Piepgrass and Disney, Wheeler & Alcorn, for defendant in error.

HEFNER, J. This is an action by Dicy Moore and others against J. A. Baugh to quiet title to 40 acres of land in Haskell county. Plaintiffs claim title under a tax deed. Defendant filed an answer and cross-petition in which she asserts title to the land through purchase from the original allottee thereof and alleged that plaintiffs' tax deed was void on its face because, among other reasons, it was not executed substantially in the form prescribed by statute, and prays that title be quieted in her, and that plaintiffs' tax deed be canceled. The tax deed was attached to her answer as an exhibit.

Plaintiffs filed an answer to the cross-petition of defendant in which they admitted that they were claiming title under the tax deed pleaded by defendant, but denied that the deed was void, and further alleged that defendant's action to cancel the deed was barred by the one-year statute of limitations. Defendant demurred to plaintiffs' answer to her cross-petition on the ground that it failed to state facts sufficient to constitute a defense. The trial court sustained the demurrer, and upon announcement in open court by counsel for plaintiffs that they declined to plead further, entered judgment in favor of defendant.

Plaintiffs have appealed and assert that the only question to be determined is whether or not their tax deed is void on its face. They concede that in the event this question is answered in the affirmative, the judgment must be affirmed. The tax deed is a certificate deed and was executed on the 26th day of May, 1923, and appears to have been recorded on the 27th day of August, 1923. This action was commenced on the 28th day of July, 1927. Defendant's action to avoid the deed, not having been brought within one year from the date of the recording thereof, in the absence of jurisdictional defects, is barred unless the tax deed is void on its face. Section 9752, C. O. S. 1921, provides, as to the form of a tax deed, in part, as follows:

"The tax deed shall be substantially in the following form, to wit: * * * and it appearing that the said A. B. is the legal owner of said certificate of purchase, and the time fixed by law for redeeming the land therein described having now expired and the same not having been redeemed as provided by law and the said A. B. having demanded a deed for the tract of land mentioned in said certificate." ·

The tax deed assailed omits the following recital required by the statute: "and the same not having been redeemed as provided by law." In all other respects it conforms to the statutory form. It is the contention of defendant that the omission of this recital renders the tax deed void on its face. With this contention we agree. The statute, as to the form of the deed, must be substantially complied with. In our opinion, the recital omitted is a material recital and its omission, therefore, renders the tax deed void on its face.

In the case of Felt v. Schaub, 134 Okla. 193, 272 P. 830, this court said:

"A tax deed which fails to disclose that the tax sales certificate or certificates were produced to the county treasurer by the holder of the certificate at the time of the execution of the deed, is void on its face. Also, where a tax deed recites that the land 'was lawfully assessed,' but fails to recite that the land was legally liable for taxation and properly charged on the tax books or duplicates for the year for which the land was sold for taxes, is likewise void on its face."

In the case of Beaver v. Cook (Colo.) 128 P. 878, it was held that the omission from the tax deed of the identical recital here involved rendered it void on its face. Under the rule announced in these cases, the judgment of the trial court must be and is affirmed.

RILEY, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. LESTER, C. J., not participating. CLARK, V. C. J., absent.