HARRISON et al. v. BRANNON, Adm'r.

No. 28339. Jan. 19, 1943.

*133 P. 2d 189.*

C. Everett Murphy, of Kingfisher, for plaintiffs in error.

E. Blumhagen, of Watonga, for defendant in error.

RILEY, J. This is an appeal from a decree of the district court of Blaine county quieting title to 160 acres of land in said county in defendant in error, and a judgment for possession thereof, and a further judgment in the sum of $25 for rents and profits.

This action was commenced by M. V. Brannon against Jeff Harrison as sole defendant. Before issues were joined in the trial court, Anna Harrison was made a party defendant.

While the cause was pending in the trial court, the death of M. V. Brannon was suggested and the cause was revived in the name of L. W. Brannon, as administrator of the estate of M. V. Brannon, deceased. The parties will hereinafter be referred to as in the trial court.

Plaintiff's amended petition, upon which the cause was tried, asserted title and right of possession in plaintiff based upon a resale tax deed issued to M. V. Brannon by the county treasurer of Blaine county, dated May 20, 1936, and filed for record in the office of the county clerk May 27, 1936. A copy of the resale tax deed was attached to and made a part of the petition. Plaintiff alleged that defendants had kept plaintiff out of possession of the premises from May 20, 1936, and had collected and retained rents and profits arising from said land of the value of $100. Plaintiff prayed that title be quieted in her and for judgment and possession of the land involved, and for the sum of $100 for rents and profits.

Defendants, Jeff Harrison and Anna Harrison, separately demurred to the

amended petition upon the ground that the resale tax deed is void upon its face. The demurrers being overruled, defendants filed separate answers.

Defendant Anna Harrison claims title to one 80 acres of the land in herself, subject to a life estate in the defendant Jeff Harrison upon certain payments being made to her by Jeff Harrison; that her interest was based upon a decree of the district court of Kingfisher county in a divorce action between herself and the defendant Jeff Harrison. Defendant urges that the deed is void on its face for failure to recite "the land was legally liable for taxes and had been legally assessed"; and for failure to recite that M. V. Brannon, the grantee therein, was the purchaser of said land at the resale; and that the proceedings leading up to said sale were not as provided by law; that sufficient legal notice was not given; that the land which she claimed was not assessed in her name as one of the owners. She tendered all taxes, interest, and penalties for which the land she claimed was legally liable.

Defendant Jeff Harrison filed a similar answer and made like tender.

It is now contended that the trial court erred in overruling the demurrer of defendants to the amended petition. The only ground relied upon is that the resale tax deed, upon which plaintiff relies, does not recite that M. V. Brannon was the purchaser of the land in question at the resale held in April, 1936. It is sufficient if the deed as a whole fairly shows that the grantee therein named was in fact the purchaser at the resale.

The first two paragraphs of the deed show that the resale was duly held and that the sale was made to the highest bidder and for the amount therein stated. But the name of the purchaser is not there stated. If the deed stopped there, it might with reason be said that it was void. But the whole instrument should be considered. That is the general rule in construing written instruments.

The third paragraph of the deed recites failure of the owner of the property to redeem within the time and in the manner provided by law.

The fourth paragraph identifies the county treasurer as the first party to the instrument, or grantor, and identifies M. V. Brannon as the second party.

In the fifth paragraph it is definitely recited that "first party hath sold" and "by these presents doth grant, bargain, sell and convey unto the said party of the second part" the premises therein described. Said recitations definitely indicate the second party as the purchaser at the resale, and the second party is definitely designated in the other parts of the deed as M. V. Brannon. The resale deed is not void upon its face.

It is next contended that the county treasurer had no authority to make resale in May, 1936, based upon an original sale for taxes in 1933, for delinquent taxes for the year 1932, and prior years, by reason of a provision of Senate Bill No. 11, article 15, Session Laws 1935, p. 333, providing that all penalties and interest that had accrued on unpaid ad valorem taxes levied and assessed for the year 1932, and all prior years, are waived, released, and canceled, and are not again to be placed upon the tax rolls; and further providing that "taxes levied ... for the year 1932, and all prior years, shall again become delinquent on December 1, 1935." The contention is also made that under the provision of chapter 86, Session Laws 1933, due date of the 1932 taxes was extended to October 1, 1933, and payment thereof in four installments was provided, and that the first installment did not become delinquent until November 1, 1933, and that the second installment did not become delinquent until January 1, 1934, and, therefore, the property was not subject for sale for the 1932 taxes on November 6, 1933, because all the taxes for the year 1932 were not then delinquent.

Whether the act was intended to apply to the 1932 taxes, we need not decide. The resale deed recites that the

original, or certificate sale, was for the 1931 taxes, which were certainly delinquent November 1, 1933. True, the penalty thereon was canceled by the act of 1935, but due credit therefor appears to have been given. The 1932, 1933, 1934, and three-fourths of the 1935 taxes were marked "endorsed." Proper credit also appears to have been given for the penalty for the years 1932 and 1933.

Furthermore, the original sale to the county was in 1933, long before the 1935 act was passed, and that act could have no application except to cancel the penalties for the year 1933 and all prior years. Certainly all the taxes charged against the land in the resale tax deed were due and delinquent on the 20th day of April, 1936. There is no merit in this contention.

Defendants cite Eldridge v. Robertson, 19 Okla. 165, 92 P. 156, and Moore v. Baugh, 154 Okla. 158, 7 P. 2d 131. These cases hold that a certificate tax deed, which does not substantially follow the statutory form, is void on its face, but we hold that the resale tax deed here involved is in substantial compliance with the law.

Defendants contend that the evidence conclusively shows that L. W. Brannon, and not M. V. Brannon, was the purchaser of the land at the 1936 resale, and, therefore, the county treasurer was without authority to issue a resale deed to M. V. Brannon.

The county clerk was produced as a witness for the defendants and produced an exhibit which he identified as the return of the county treasurer of the 1936 resale, which showed that L. W. Brannon was the purchaser at such resale.

But the exhibit shows upon its face that it could hardly be the return of the county treasurer of the resale held in 1936. It did not show any date. It was merely a list of land advertised and sold for delinquent taxes in Blaine county, delinquent for the year 1935. It contained a column for the insertion of "sale certificate fees."

This indicates it may have been the return of the county treasurer for the annual sale for delinquent taxes held in November, 1936, at which property was sold for taxes assessed for the year 1935, instead of the return of the resale beginning on the 3rd Monday of April, 1936.

The evidence, including the exhibit and the testimony of the county clerk, was apparently insufficient to convince the trial judge that L. W. Brannon, and not M. V. Brannon, was the purchaser at the resale. We cannot say, under the records, that the findings and decree are against the clear weight of the evidence.

Judgment affirmed.

CORN, C. J., GIBSON, V. C. J., and BAYLESS, WELCH, HURST, DAVISON, and ARNOLD, JJ., concur. OSBORN, J., absent.